JANES *v.* JANES.

May Term,
1839.

JONES
*v.*
THE STATE.

*Monday,*
*May 27.*

If a person marry, having a former husband or wife living, the second marriage is void.

ERROR to the *Madison* Circuit Court.

BLACKFORD, J.—*Zachariah Janes* filed a petition against his wife for a divorce, on the ground that the defendant had a prior husband then living. A plea denying the charge was filed by the prosecuting attorney. The complainant obtained a decree.

The testimony in the record shows that the defendant was married in the state of *Maryland*, to *Elijah Boston*, about twenty-five years before the trial of the cause; that *Boston* afterwards abandoned her; that she and the complainant were married, in this state, four or five years ago; and that her former husband is still living.

These facts show that the decree is correct. The first marriage being in force, the second one was an absolute nullity. 2 Kent's Comm. 79. And further, the circumstance that the defendant had a former husband living at the time of her marriage to the complainant, is one of the causes for a divorce enumerated in the statute. Rev. Code, 1831, p. 213. The length of time which has elapsed since the date of the first marriage, or since the defendant was abandoned by her first husband, cannot affect the case.

*Per Curiam.*—The decree is affirmed with costs.

*H. Brown*, for the plaintiff.

*C. Fletcher* and *O. Butler*, for the defendant.