WRIGHT COLLINS, plaintiff in error, vs. JANE P. COLLINS, defendant in error.

Where the husband has a clear estate of twelve thousand dollars, twenty-five dollars per month is not excessive temporary alimony for the wife, nor is five hundred dollars excessive counsel fees for her, she having been of high character previously, and her character for chastity being attacked by the defence.

Divorce and alimony, in Telfair Superior Court. Decision by Judge LOVE, October, 1859.

This was a libel for divorce, *a vinculo matrimonii*, by Jane P. Collins against Wright Collins, her husband. The grounds of divorce, as set forth in the libel, were cruel treatment, and a false charge of infidelity and want of chastity, made against her by her husband, and driving her with her youngest child from his house, leaving them without means of support.

Attached to the libel was a schedule of defendant's property, amounting to $17,355.

The defendant answered, admitting the marriage and birth

Collins vs. Collins.

and ages of the children, as alleged in the libel, but denied that the youngest child was his, but averring that it was some other man's.    Admitted the correctness of the schedule of his estate, filed with the libel, but alleged that a part thereof was unpaid for, and that his notes were outstanding for the same, and that he was indebted about five thousand dollars.

Upon hearing the libel and answer, and proof on the part of plaintiff, that defendant was worth the amount contained in the schedule, that he made good crops, and that plaintiff had no separate estate, the presiding Judge granted the following order, viz:

"It is ordered, that the said Wright Collins pay over the sum of five hundred dollars for counsel fees in prosecuting the said divorce case ; and that he pay to Jane P. Collins the sum of twenty-five dollars per month, as temporary alimony, to commence from the first day of September last, and to continue until the termination of the said divorce cause."

To which order defendant excepted, on the ground that the amounts ordered to be paid for counsel fees and alimony, were unreasonable and excessive.

C. B. Cole; and J. R. Cochran, for plaintiff in error.

I. L. Harris, *contra.*

*By the Court.*—Stephens J. delivering the opinion.

The question is, whether the Judge's award to the wife, of twenty-five dollars per month as temporary alimony, and five hundred dollars as counsel fees, was so excessive as to be set aside for that reason.  We do not think there was such excess in either item, as requires us to set the award aside.  With a clear estate of twelve thousand dollars in the husband, we do not regard twenty-five dollars as an excessive monthly allowance for the wife.  A lady in her condi-

tion in life, might very reasonably expect to be indulged with a servant, and her own board with servant hire and servant's board, would in any part of this State, leave, out of twenty-five dollars per month, but little for clothing—an item which is not to be entirely overlooked.

In support of the large counsel fees allowed in this case, it must be borne in mind, that this was a lady who had previously sustained a high character, and that that character was directly put in issue by the husband's line of defence. As nothing can be dearer to a lady than her character for chastity, so nothing could justify greater expense in its defence.

Judgment affirmed.