WILLIAM REEVES *et al.*

*v.*

ANN REEVES.

1. MARRIAGE—*where one of the parties is already married.* The marriage of a woman with a man whose wife by a former marriage is still living, undivorced, is void, and her subsequent marriage with another is valid, although her husband by such void marriage is living.

2. BILL OF EXCEPTIONS. A bill of exceptions not signed by the judge of the court below, will not be considered a part of the record.

3. DOWER—*of lands sold by the husband prior to marriage.* Upon the hearing of a petition for dower, the evidence showed that the deceased had given a deed of trust, before his marriage with the petitioner, on an undivided half of the premises, and one of the defendants claimed by virtue of a sale under such deed: *Held,* it was error for the court to decree the dower a lien on the whole of the premises.

4. And the decree failing to determine by whom the *mesne* profits were to be paid, was defective in that regard; one of the defendants alone having had possession of the premises, they should have been adjudged against him only.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion sufficiently states the case.

Mr. WILLIAM H. SNYDER and Mr. S. M. KASE, for the appellants.

Messrs. T. & L. KRAFFT, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a petition for dower, which the defendants resisted on the ground that the petitioner, though married to the deceased, John Reeves, with all the forms of law, was, at the time of such marriage, the wife of one Teasdale, who was then living. This proof, however, was met by counter evidence that Teasdale himself, at the time of his pretended marriage with petitioner, had a wife living. This evidence is very clear. Two witnesses swear they came from England to this country in the same ship with Teasdale and his first wife and children, and also from New Orleans to St. Louis. He introduced her and lived with her as his wife. One of the witnesses had known them as husband and wife in England, in 1848, and knew them from that time to 1858, and had seen a paper which they called their marriage certificate. Teasdale was married to petitioner in 1857, at which time his first wife was living, undivorced. This rendered the marriage void, and the subsequent marriage of petitioner to Reeves was valid.

A jury was impanelled for the purpose of determining the annual value of the dower, and errors are assigned on certain rulings of the court in regard to the evidence and instructions. The bill of exceptions, however, which was intended to preserve these rulings, was not signed by the judge, and we can not consider it a part of the record.

The court, in the final decree, made the dower a lien on all the premises, instead of upon an undivided half. This was error, as John Reeves had given a deed of trust, before his marriage, on an undivided half, and one of the defendants claimed by virtue of a sale under that deed. The decree is also defective in not determining by whom the *mesne* profits are to be paid. They should be adjudged only against William Reeves, Jr. who had been in possession of the premises. In order that the decree may be corrected, it is reversed and the cause remanded.

*Decree reversed.*