# CASES

### DECIDED IN THE

# SUPREME COURT OF GEORGIA

##### AT THE

## OCTOBER TERM, 1919.

---

### SPOONER v. SPOONER.

Under the evidence in the record, it does not appear that the court abused his discretion in awarding the counsel fees allowed in the present case.

No. 1382. OCTOBER 15, 1919.

Award of attorney's fees. Before Judge Harrell. Decatur superior court. March 1, 1919.

*W. I. Geer* and *Hartsfield & Conger,* for plaintiff in error.

*M. E. O'Neal* and *John R. Wilson,* contra.

GEORGE, J. Mrs. M. M. Spooner filed suit for permanent alimony against B. S. Spooner, her husband. Upon an application for the allowance of temporary alimony, including counsel fees, pending the suit for permanent alimony, the court awarded Mrs. Spooner a stated sum per month for temporary alimony, and the sum of $3500 for counsel fees. To this judgment the defendant excepted; and the Supreme Court, at the October term, 1918, affirmed the judgment allowing the plaintiff temporary alimony, but on the question of attorney's fees ruled as follows: "Under all the circumstances of the case the allowance of $3500 as attorneys fees was an abuse of discretion." *Spooner* v. *Spooner,* 148 *Ga.* 612 (97 S. E. 670). Subsequently the plaintiff renewed her application for the allowance of counsel fees; and the court, after hearing evidence, awarded the sum of $3000 for counsel fees, "$1500 of

said amount to be paid instanter, and the remainder to be paid at the termination of the litigation, and to .be subject to modification should the exigencies of the case so demand." The defendant again ·excepted; and the sole question for decision is whether the court abused its discretion in allowing counsel fees in the sum of $3000.

It is necessary to review briefly the facts and issues involved. The plaintiff and the defendant intermarried in January, 1877. The plaintiff is more than sixty years old. They lived together as man and wife until December, 1917. At the time of the marriage the plaintiff owned 500 acres of land and certain personal property. The defendant owned 200 acres of land for which he owed a large part of the purchase-money, and also some personal property. A considerable fortune was accumulated by the defendant. He admits his net worth to be more than $56,000, while the undisputed evidence on behalf of the plaintiff is to the effect that he is worth at least $100,000. The plaintiff alleged the value of his holdings to be not less than $200,000. The plaintiff aided and assisted the defendant in the accumulation of this estate, which now stands in the name of the defendant, the plaintiff having no separate estate of her own. She not only attended to the household duties, but performed actual manual labor during the greater part of her married life. The defendant admits that the plaintiff, on the whole, has been a dutiful and affectionate wife. He attributes the separation and the filing of the suit for alimony to alledged mental infirmity of plaintiff. On the contrary, the plaintiff charges the defendant with extreme and repeated acts of cruelty. It appears that the plaintiff, on account of her advanced age and physical infirmities, was unable to visit the office of counsel, and that counsel had to go in· person to the present home of the plaintiff (in a neighboring town) to prepare the suit for trial. During the greater portion of a week counsel for the plaintiff were engaged in the preparation of the case for trial. The first hearing consumed more than three days. The greater portion of a week was also consumed by counsel in the prosecution of the case in the Supreme Court. The case has been contested at every stage; and the defendant is a man of wealth, and of commercial and social influence. On the present hearing, counsel for the plaintiff testified in detail to the services already rendered by them, and outlined the services which it would become necessary for them to perform

in the further prosecution of the case. A considerable item of cost had already been incurred by counsel, for which they have not been reimbursed. The cost of attending the session of the Supreme Court alone amounted to approximately $200. In the opinion of both the attorneys of record for the plaintiff their services were reasonably worth $7500. In addition, the testimony of six disinterested attorneys at law, acquainted with the parties to the litigation and the issues involved, was taken. Among the attorneys testifying was a former judge of the superior courts of this State. In the opinion of some of these witnesses the fair and reasonable value of the legal services rendered and to be rendered by counsel for the plaintiff is $5000. One of the witnesses testified that $4500 would be a reasonable fee, all the facts and circumstances of the case considered, but the majority of them testified that a fee of $7500 would be reasonable and just. There is in the record no direct evidence to the contrary.

Section 2976 of the Civil Code authorizes the wife, pending a suit for permanent alimony, to "apply to the presiding judge, by petition, for an order granting to her temporary alimony pending the cause; and after hearing both parties, and evidence as to all the circumstances of the parties and as to the fact of the marriage, the court shall grant an order allowing such temporary alimony, including expenses of litigation, as the condition of the husband and the facts of the case may justify." An allowance on the application of the wife of temporary alimony, including counsel fees, pending a suit for permanent alimony, is not a matter of arbitrary right, under the law of this State. Whether an allowance shall be made for temporary alimony, or counsel fees, is to be determined by the use of a sound discretion under the facts of the case, taking into consideration the cause or causes of the separation, and the circumstances of the parties. *Parks* v. *Parks*, 126 *Ga.* 437 (55 S. E. 176); *Keefer* v. *Keefer*, 140 *Ga.* 18, 22 (78 S. E. 462, 46 L. R. A. (N. S.) 527). On the hearing for temporary alimony and counsel fees the judge, upon an examination into the cause of the separation and the circumstances of the parties, may in his sound discretion allow or deny both alimony and counsel fees, or may allow one and disallow the other. The allowance of temporary alimony has been made in this case, and the judgment allowing the same is not involved in the present appeal. Counsel

fees have also been allowed; and the power of the court, under the facts in the record, to allow a reasonable sum for counsel fees, is not seriously questioned. The amount actually fixed by the court is said to be excessive, and to show an abuse of discretion. Former cases reviewed by this court, on the question of the amount of counsel fees allowed, can be of little value in determining the question now presented. It can not be said that the judge did not fully consider the cause of the separation and the circumstances of the parties. In view of the grave issues involved, the character of the suit, the character and standing of the litigants, it can not be said as a matter of law that the allowance of $3000 as attorney's fees was such a flagrant abuse of discretion as to justify this court in again interfering with the judgment.

It is to be noted that only $1500 of the amount awarded as attorneys fees was to be paid instanter and in all events. The remaining $1500 was to be paid, under the order of the court, "at the termination of the litigation," the court reserving the power to modify the order fixing the fee "should the exigencies of the case so demand." Under our decisions, the power of the court over the judgment allowing temporary alimony, including expenses of litigation, was perhaps needlessly reserved. Such a judgment is subject to the supervisory power of the court. *Osborne* v. *Osborne,* 146 *Ga.* 344 (91 S. E. 61).

*Judgment affirmed. All the Justices concur.*