### WEBB *v.* WEBB.

GEORGE, J. Pending a suit for permanent alimony the plaintiff applied to the presiding judge for an order granting to her temporary alimony for the support of herself and her infant child, including expense of litigation, under the Civil Code, § 2976. Among other defenses, the defendant pleaded that he and the plaintiff were not legally married, for that the plaintiff, at the time of the alleged marriage in 1917, had a living husband from whom she had not been divorced. Upon this issue the evidence for the defendant tended to show that the plaintiff was married to E. E. Williams in 1905, and that Williams and the plaintiff lived together for a time as husband and wife. A witness for the defendant, L. M. Camp, testified as follows: "E. E. Williams and formerly Miss Georgia Turner, the plaintiff in this case, lived together as husband and wife, and the general reputation was that they were husband and wife. I knew E. E. Williams, and last saw him in Douglasville, Douglas county, Georgia, in the early part of the fall of the year 1919. I do not

remember the exact time, but do remember that it was in the fall of 1919." Upon this issue the plaintiff testified: "I did not marry one E. E. Williams in August 1905. I married a man by the name of E. E. Williams in the year 1904; he left me several years ago. I heard that he had been sent to the chain-gang for marrying another woman; that he escaped .from the penitentiary and joined the army and was killed while in the army. I had not heard from him in over nine years [prior to the date of her marriage to the defendant in 1917], and my best information now is that he is dead. I told J. A. Webb, the defendant, all about this marriage before he and I were married, and my mother also told him about it in my presence. . . We have been separated one time prior to this time, and J. A. Webb claimed at that time, which was in 1918, that he had learned that I had a living husband from whom I had not obtained a divorce, but when he wanted to come back and live with me he said that he had found out that he was wrong." The evidence was conflicting as to the needs of the wife and child and the ability of the defendant to pay alimony. The judge granted an order requiring the defendant to pay thirty dollars per month as temporary alimony, payable on the 15th day of each month thereafter, until further order of the court, and the sum of twenty-five dollars as counsel fees. *Held*, that under the evidence it does not appear that the court abused his discretion in awarding the temporary alimony and counsel fees allowed in the case. See *Carnes* v. *Carnes*, 138 *Ga.* 1 (74 S. E. 785); *McGee* v. *McGee*, 10 *Ga.* 477 (4); *Sweat* v. *Sweat*, 123 *Ga.* 801 (51 S. E. 716); *Spooner* v. *Spooner*, 149 *Ga.* 467 (100 S. E. 571).

*Judgment affirmed. All the Justices concur.*

No. 2027. NOVEMBER 11, 1920.

Temporary alimony, etc. Before Judge Irwin. Douglas superior court. April 7, 1920.

*J. H. McLarty* and *J. R. Hutcheson,* for plaintiff in error. *Astor Merritt,* contra.