## IRVING *et al.* v. IRVING.

1. Where one died leaving a last will and testament containing various bequests, and subsequently to the execution of the will a posthumous child was born to the testator, the child being the issue of a bigamous marriage, the testator having a living wife at the time of entering into the bigamous marriage, the birth of the child did not revoke the will.
2. Such child was not made legitimate under the provisions of the Civil Code (1910), § 2935, relating to void marriages and legitimacy of offspring prior to the annulment of the marriage.

No. 2371.   OCTOBER 1, 1921.

Appeal. Before Judge George L. Bell. Fulton superior court. October 20, 1920.

Lacy Irving died on December 6, 1919, leaving a last will and testament which contains various bequests to Willie Bell Irving, referred to in the will as his wife, and to certain named children of his. This will was offered for probate by Willie Bell Irving and J. W. E. Linder; and to the application for probate a caveat was filed by Lena Irving. One of the grounds of caveat — the one out of which springs the question to be determined here — is that subsequently to the death of Lacy Irving there was born to Willie Bell Irving a posthumous child of the said Lacy Irving,

this child being known as Lacy Irving Jr.; and it is contended that the birth of the child subsequently to the execution of the will, in which no provision is made in contemplation of such an event, revoked the will. The case was appealed to the superior court, and was submitted to the judge without the intervention of a jury, on the following agreed statement of facts:

" It is agreed, that Lena Irving is the lawful widow of Lacy Irving, deceased, she and the said Lacy Irving having married in Key West, Florida, on October 26, 1898; that as the issue of this marriage between Lena Irving and Lacy Irving there are three surviving children, Lewis Irving, age 20, Leroy Irving, age 19, and Lillian Irving, age 17; that about two years before his death the said Lacy Irving, while still lawfully married to Lena Irving, contracted in Fulton County, Georgia, a second marriage with Willie Bell Irving; that on December 6, 1919, Lacy Irving died; that a few weeks after his death there was born to the said Willie Bell Irving a posthumous child of the said Lacy Irving, said posthumous child now being known as Lacy Irving Jr.; that on August 7, 1919, Lacy Irving executed the instrument referred to in the petition and purporting to be a last will and testament. It is further agreed that the marriage between Lacy Irving and Willie Bell Irving was never annulled and declared void by a court of competent jurisdiction. It is agreed that said will is regularly and properly executed, and is entitled to probate unless same is revoked by the subsequent birth of the child referred to in paragraph one hereof."

After evidence submitted and argument of counsel, the court rendered judgment sustaining the caveat on the ground that the will had been revoked by the subsequent birth of a child to the testator. The propounders excepted.

*Anderson, Rountree & Crenshaw,* for plaintiffs in error.

*William A. Fuller,* contra.

BECK, P. J. (After stating the foregoing facts.) The ground of the caveat out of which springs the issue which this court has to determine does not show good ground for the refusal to admit the will to probate. Section 3923 of the Civil Code, declares that " In all cases the marriage of the testator, or the birth of a child to him, subsequently to the making of a will in which no provision is made in contemplation of such an event, shall be

a revocation of the will." The word "child" as here used in this section, where it is declared that the birth of a child subsequently to the making of a will in which no provision is made in contemplation of such an event, revokes the will, means a legitimate child. Such is its ordinary meaning in laws and statutes prescribing the rules of inheritance and property rights; and usually where the term "child" is allowed to include illegitimate children, it is done under the provisions of statutes recognizing the rule just stated, and which make an exception to that rule. No doubt the court below recognized this doctrine, but the court evidently was of the opinion that section 2935 of the Civil Code, relating to void marriages and legitimacy of children, made the posthumous child, Lacy Irving Jr., a legitimate child. This section reads as follows: "Marriages of persons unable to contract, or unwilling to contract, or fraudulently induced to contract, are void. The issue of such marriages, before they are annulled and declared void by a competent court, are legitimate. In the latter two cases, however, a subsequent consent and ratification of the marriage, freely and voluntarily made, accompanied by cohabitation as husband and wife, shall render valid the marriage." This section does not have reference to bigamous marriages, but includes three classes of marriages: (1) marriages between parties unable to contract; (2) marriages between parties unwilling to contract, — that is, marriages procured by force or duress; (3) marriages where one of the parties is fraudulently induced to contract. Clearly the bigamous marriage does not fall within the last two classes; nor do we think it falls within the first class, that is, marriage between persons unable to contract. While the expression "marriages of persons unable to contract" might be sufficiently broad if we consider only the expression "unable to contract" to include marriages of persons one of whom had a living spouse, when we take the entire expression "marriages of persons unable to contract," we do not think that bigamous marriages were included; for the reason that a mere marriage ceremony between a man and a woman, where one of them has a living wife or husband, is not a marriage at all; it is a mere empty ceremony, and effects nothing and creates no status between the parties. Such a marriage is an absolute nullity, and may be treated so by the parties

to such a ceremony and by 'all the world. "The marriage of a man and woman, where one of them has a husband or wife by a prior marriage, who is then living and undivorced, is void, and not merely voidable. Being a nullity, no decree is necessary to avoid the same. Reeves *v.* Reeves, 54 Ill. 332; Drummond *v.* Irish, 52 Iowa, 41; Blossom *v.* Barrett, 37 N. Y. 434, 97 Am. D. 747; Janes *v.* Janes, 5 Blackf. 141; Tefft *v.* Tefft, 35 Ind. 44; Glass *v.* Glass, 114 Mass. 563; Martin *v.* Martin, 22 Ala. .86. A void marriage is good for no legal purpose, and its invalidity may be shown in any court, between any parties, either in the lifetime of the parties thereto, or after their death." Cartwright *v.* McGown, 2 Am. St. R. 105, 107 (121 Ill. 388, 12 N. E. 737). An almost unbroken line of precedents for this ruling, taken from the decisions of other States of this country, might be cited to support the proposition here stated. See annotations on the subject of bigamous marriages, whether void or voidable, in 9 L. R. A. 1916C, 711. But this court has more than once held that bigamous marriages are absolutely void. In the case of *Murchison* v. *Green,* 128 *Ga.* 339 (57 S. E. 709, 11 L. R. A. (N. S.) 702), where the presumption of the validity of the marriage arising from the performance of the ceremony came in conflict with the presumption of a continued life of a former spouse of one of the parties, neither presumption being aided by proof of extraneous facts, the presumption of the validity of the second marriage, it was ruled, will prevail over the presumption of the continuance of the life of the former spouse; and Presiding Justice Cobb, delivering the opinion of the court, gave as one of the reasons for holding that the presumption of the validity of the marriage should prevail, that "the status of the woman is involved, as well as the legitimacy of children, and every reasonable presumption must be indulged which will relieve the woman of the charge of being a concubine and her children being declared bastards." The converse of the proposition stated by the learned Justice is that if the first presumption had prevailed, that is, the continuation of the life of the former spouse, then the wife who became such by a bigamous marriage was a mere concubine and her children who resulted from such big-

12

amous marriage were illegitimate. And such we have concluded to be the law, and consequently that the birth of a child to a testator as the issue of a bigamous marriage, subsequently to the making of a will, does not work the revocation of the will, although no provision was made in the will in contemplation of the birth of such child. And it follows that the court below erred in sustaining the caveat on the ground that the birth of the posthumous child worked a revocation of the will of Lacy Irving.

*Judgment reversed. All the Justices concur, except Hill, J., absent.*