19579. ATLANTIC BITULITHIC COMPANY v. MAXWELL.
19580. MAXWELL v. ATLANTIC BITULITHIC CO. *et al.*

484

Decided October 18, 1929.

*William D. Turner,* for Atlantic Bitulithic Company.
*John J. McCreary, Wallace Miller,* for Alice Maxwell.
*Clark & Gibbs, Parker & Parker,* for Johnnie Mae Maxwell.

BELL, J.   Will Maxwell was accidentally killed in Wayne county while working as an employee of Atlantic Bitulithic Company. His death arose out of and in the course of his employment, which was subject to the provisions of the workmen's compensation act. Alice Jackson Maxwell and Johnnie Mae Maxwell each came forward with a claim for compensation as the wife of the decedent. The industrial commission found that neither of them was the lawful wife of the decedent and denied both claims.   Separate appeals were taken to the superior court, where the appeal of Alice Jackson Maxwell was sustained and that of Johnnie Mae Maxwell denied.   Although the two claims were heard and determined together by the commission, each was a distinct proceeding against the employer, Atlantic Bitulithic Company, and the employer was the sole defendant in each appeal.   To the judgment sustaining the appeal of Alice Jackson Maxwell, the employer excepted, while Johnnie Mae Maxwell excepted to the judgment denying her appeal.   The record is the same in each case, and we will deal with both cases in one opinion.

Alice Jackson Maxwell was married to the decedent on May 30, 1924.   This marriage was under license and according to due

ceremony. The parties thereto lived together as husband and wife for some months, perhaps a year or so, the exact period not appearing. Alice Jackson, however, had theretofore, to wit, in 1918, undertaken to marry one Henry Jackson, when Henry Jackson had a living wife from whom he was not divorced. She knew that he had a living wife at the time she married him. She and Jackson lived together for eight or nine months, after which she went her way and Jackson returned to his lawful wife. Apparently Maxwell did not know of her past relations with Jackson when he married her in 1924, and it might have been inferred that he left her soon after discovering the facts. There was no evidence that she voluntarily abandoned him, but the testimony showed that he deserted her. (See *Ocean Accident & Guaranty Corporation* v. *Council,* 35 *Ga. App.* 632 (3), 134 S. E. 331.) He was formally married to Johnnie Mae Sutton on January 25, 1927, and was living with her as his wife at the time of his death on March 14, 1928. The evidence showed that there had been no divorce or annulment of the marriage between Alice Jackson Maxwell and Henry Jackson, but was silent as to whether there had been a divorce between her and Will Maxwell. Except as stated above, there was nothing to indicate any disability in any of the parties referred to.

To omit formal and immaterial parts, the appeal of Johnnie Mae (Sutton) Maxwell was in the following language: "Appellant makes this appeal upon the ground that the order and decree of the commissioner is contrary to law, and says that the marriage between Will Maxwell and Johnnie Mae Sutton was a legal and lawful marriage, for the reason that Will Maxwell, at the time of said marriage, was laboring under no disability recognized by the law in such cases; that his attempted marriage to Alice Jackson was a void marriage, for the reason that at the time he undertook to marry Alice Jackson she was laboring under a disability, which made the attempted marriage between herself and Will Maxwell void, in that she had theretofore committed a fraud or entered into a bigamous marriage with Henry Jackson, knowingly and wilfully."

Consistently with the position taken by counsel respectively in the antecedent stages, attorneys for Alice Maxwell contend that she is the lawful widow of the decedent, and the attorneys for Johnnie Mae Maxwell make a like contention as to her; while the attorney for the employer insist that neither of these claimants is the widow of the deceased employee.

It is said in the brief of counsel for Johnnie Mae Maxwell that the case resolves itself into a contest between the two women, and that as between them Johnnie Mae should prevail. We can not agree that this is a correct statement of the nature of the two claims. As was said by the Supreme Court in *Neely* v. *Tennessee &c. R. Co.,* 145 *Ga.* 363, 366 (89 S. E. 325, L. R. A. 1916F, 819), "this is not a controversy between two women, each claiming to be the widow of the deceased, and does not put in direct competition, as to validity, two marriages." On the other hand, each is a separate suit against the employer, and there is no question as to legitimacy of offspring, or as to inheritance, or other matter which would prevent each marriage from being considered independently and with reference to its own particular facts.

The attempted marriage between the woman Alice and Henry Jackson in 1918 was bigamous, and a bigamous marriage is void. In *Irving* v. *Irving,* 152 *Ga.* 174, 176 (108 S. E. 540, 18 A. L. R. 88), the Supreme Court said: "A mere marriage ceremony between a man and a woman, where one of them has a living wife or husband, is not a marriage at all; it is a mere empty ceremony, and effects nothing and creates no status between the parties. Such a marriage is an absolute nullity, and may be treated so by the parties to such a ceremony and by all the world. 'The marriage of a man and woman, where one of them has a husband or wife by a prior marriage, who is then living and undivorced, is void, and not merely voidable. Being a nullity, no decree is necessary to avoid the same. Reeves *v.* Reeves, 54 Ill. 332; Drummond *v.* Irish, 52 Iowa, 41 [2 N. W. 622]; Blossom *v.* Barrett, 37 N. Y. 434, 97 Am. D. 747; Janes *v.* Janes, 5 Blackf. 141; Tefft *v.* Tefft, 35 Ind. 44; Glass *v.* Glass, 114 Mass. 563; Martin *v.* Martin, 22 Ala. 86. A void marriage is good for no legal purpose, and its invalidity may be shown in any court, between any parties, either in the lifetime of the parties thereto, or after their death.' Cartwright *v.* McGown, 2 Am. St. R. 105, 107 (121 Ill. 388, 12 N. E. 737). An almost unbroken line of precedents for this ruling, taken from the decisions of other states of this country, might be cited to support the proposition here stated. See annotations on the subject of bigamous marriages, whether void or voidable, in L. R. A. 1916C, 711. But this court has more than once held that bigamous marriages are absolutely void."

It follows from the above decision that the so-called marriage between Alice Jackson Maxwell and Henry Jackson in 1918, and her unlawful cohabitation with him for a time, however wrong and immoral, constituted no legal obstacle against the later marriage between her and Will Maxwell, which occurred in 1924. There was no incapacity in either of the parties preventing such marriage, and she became his lawful wife. See also, in this connection, *Curlew* v. *Jones*, 146 *Ga.* 367 (91 S. E. 115); *Pennaman* v. *Pennaman*, 153 *Ga.* 647 (112 S. E. 829). Then, so long as this marriage was undissolved, he could not marry Johnnie Mae. Alice was the widow, and Johnnie Mae was not. The superior court was correct in sustaining the appeal of the former and denying the appeal of the latter.

In making the above ruling we have not overlooked a further proposition relied on by counsel for Johnnie Mae Maxwell, whose appeal is set out in the above statement, and who as plaintiff in error has excepted to the judgment denying such appeal, namely, that where a second marriage by a person is established, and it is shown that he or she had previously been married to another person who was living at the time of the second marriage, the presumption is that the first marriage had been dissolved by a decree of divorce, and the burden is upon the person attacking the validity of the second marriage to show that a divorce had not been granted. (Compare *Ward* v. *Ward*, 24 *Ga. App.* 696 (2), 102 S. E. 35; *Murchison* v. *Green*, 128 *Ga.* 339 (2), 57 S. E. 709, 11 L. R. A. (N. S.) 702.) It is urged that since there was ample time for a divorce to have been obtained dissolving the marriage between Alice Jackson Maxwell and Will Maxwell, prior to the marriage between the latter and Johnnie Mae Maxwell, and since the evidence is silent as to whether such divorce was granted or not, the presumption is that there was such divorce and that the marriage between Johnnie Mae Maxwell and Will Maxwell was valid.

We can not sustain this contention, for the simple reason that it was not raised in the appeal to the superior court, the grounds of which are limited to an attack upon the marriage between Alice Jackson Maxwell and Will Maxwell. In other words, the appeal, properly construed, asserts merely that the latter marriage amounted to nothing, and that for this reason Will Maxwell was free to enter the nuptial relation with Johnnie Mae. See, in this connection,

*Hightower* v. *Hightower,* 159 *Ga.* 769 (9) (127 S. E. 103) ; *Gilliard* v. *Johnston,* 161 *Ga.* 17 (129 S. E. 434). This court will not undertake to decide questions which were not raised in the trial court. *United States Fidelity &c. Co.* v. *Christian,* 35 *Ga. App.* 326 (133 S. E. 639) ; *Evans* v. *Edenfield,* 7 *Ga. App.* 175 (3) (66 S. E. 491).

*Judgments affirmed on both bills of exceptions. Jenkins, P. J., and Stephens, J., concur.*