(No. 24017.—▮▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLARENCE KELLY, Plaintiff in Error.

*Opinion filed April 16, 1937—Rehearing denied June 3, 1937.*

CLARENCE KELLY, *pro se.*

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN STARKLE REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Clarence Kelly was convicted in the criminal court of Cook county of the murder of Alvin Edwards, and sentenced to the penitentiary for a term of fifteen years. The cause is here on a writ of error.

Defendant was a police officer of the village of Robbins in Cook county. The homicide occurred shortly after midnight on June 30, 1934, on Prairie avenue, in the city of Chicago, a short distance south of its intersection with Fifty-third street. Defendant had come to Chicago to change his uniform and to transact some police business at the Forty-eighth street station. In company with two friends he was returning home in a sedan belonging to the village police department. He had dressed in civilian clothes, but had his pistol, holster and star. As the car turned onto Prairie avenue, Alvin Edwards, a colored man, having put his sister into a taxicab, came across the street, and according to defendant's two companions, who testified for the People, reached into the car and struck defendant in the face with his fist. Kelly stopped his car, and parked it diagonally in front of another car standing on the street, and followed Edwards to the rear of the other car. Blows were exchanged and a tussle took place, culminating in the killing. Edwards was unarmed and had a white handkerchief in his hand. Some of the witnesses testified he appeared to have been drinking.

Testimony on the part of the prosecution is to the effect that when defendant got out of his car, he asked Edwards why he tried to stop it; that Edwards replied he was not trying to stop it, but was trying to get a taxi; that defendant called him a liar and struck him; that Edwards struck back, defendant grabbed him, pushed him back and shot him repeatedly; that Edwards fell after the second or third shot, and cried out "Oh don't shoot me," and that he was shot once or twice more while lying on the ground.

Defendant testified he went back to investigate why the man struck him; that he asked Edwards what was the matter and stated he was a police officer; that Edwards made a reply which he did not recall; that Edwards struck him, knocking him to his knees and at the same time reached back as if to draw something from his pocket; that he (defendant) then drew his revolver and fired in quick succession while Edwards had him down on the pavement, and that he was in fear of his life and fired only in self-defense. Two witnesses testified Edwards profanely asked defendant why he tried to run over him; that he knocked defendant down, and that the shots were fired while Kelly was down. Several witnesses testified to the good reputation of defendant. It was stipulated that the coroner's physician would testify that a *post-mortem* examination showed Edwards had six bullet-like wounds of external entrance, with corresponding exit wounds; that some of the bullets entered from the back and right side of the chest wall and traveled toward the front and left side of the body; that the others involved only superficial wounds of the toe, neck, left shoulder and left leg, and that Edwards died from shock and hemorrhage, the result of bullet perforations of the lungs and heart. Defendant denied shooting Edwards in the back.

Several grounds for reversal are assigned but the only ones argued relate to the sufficiency of the evidence to sustain the conviction; the alleged prejudicial character of the examination and cross-examination of certain witnesses, and the action of the court in permitting a police officer, who had remained in the court room during the trial, to testify, notwithstanding an order had been entered excluding all witnesses.

Matters not appearing in the common law record will not be considered by this court unless they appear in a bill of exceptions signed and sealed by the trial judge or by some other judge authorized to do so in the manner pro-

vided by the statute. (*People* v. *Reed*, 333 Ill. 397.) Where a bill of exceptions is not so signed or sealed we cannot consider it a part of the record. (*Reeves* v. *Reeves*, 54 Ill. 332; *Miller* v. *Jenkins*, 44 id. 443.) In this case the bill of exceptions is not signed or sealed by any judge.

Inasmuch as no errors are urged except those on matters which must be embraced in a proper bill of exceptions, the judgment of the trial court must be affirmed. If, however, the questions raised had been properly preserved for review, we would not be disposed to disturb the verdict of the jury. They saw and heard the witnesses and we can not say the verdict is palpably contrary to the weight of the evidence, or is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of defendant's guilt. (*People* v. *Wynekoop*, 359 Ill. 124; *People* v. *Buskievich*, 330 id. 532; *People* v. *Lehner*, 335 id. 424.) Defendant's own testimony shows that Edwards retired after first striking him. Defendant stopped his car and followed him. The jury evidently found that he was the aggressor in the fight that followed and that he shot Edwards repeatedly while Edwards was down. The physical facts show he shot Edwards in the back. Defendant's denial cannot overcome proof of the physical facts. The shooting of Edwards in the back is inconsistent with the claim that defendant fired in self-defense. The parties were strangers and but a short time intervened between the original assault and the killing, but the term "malice aforethought" does not necessarily imply the lapse of considerable time between the formation of the intent and its actual execution. (*People* v. *Wynekoop, supra.*) The errors complained of are not such as to require a reversal of the judgment.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*