PICKREN *v.* PICKREN.

No. 13380. July 10, 1940. Rehearing denied July 20, 1940.

*J. B. Moore,* for plaintiff in error. *H. L. Williams,* contra.

Duckworth, Justice. Pending a suit for divorce the plaintiff applied to the presiding judge for an order granting to her temporary alimony for the support of herself and her infant child. The judge passed an order granting temporary alimony in the sum of $10 per month, and the defendant excepted.

The existence of a valid marriage is essential to a recovery of alimony. *Foster* v. *Foster,* 178 *Ga.* 791 (2) (174 S. E. 532). The defendant contended that there was no valid marriage between him and the plaintiff; and the only question presented is whether the judge was authorized to find from the agreed statement of facts that a valid marriage existed. From the stipulated facts it appeared that on March 1, 1938, the plaintiff filed suit for divorce against her husband, Clyde Brooks, and on March 21 obtained her first verdict for divorce. On July 24, 1938, before the plaintiff had obtained her final decree, the plaintiff and the defendant entered into a marriage ceremony, and lived together for two or three days. As soon as the plaintiff's mother learned of the purported marriage, she forced the plaintiff and the defendant to separate, and would

not allow them to live together until a final decree of divorce had been obtained by her daughter. At the time of the marriage ceremony both the plaintiff and the defendant knew that the divorce suit was pending and that only one verdict had been obtained; and both knew that two verdicts were required to make the divorce legal. The plaintiff obtained her final decree in the divorce suit in October, 1938. She then went to an attorney, and was advised that it was not legally necessary for her and the defendant to remarry. Thereafter she and the defendant went back together and lived together for four or five months, when they separated. While they lived together they held themselves out as husband and wife. About six months after the separation the plaintiff gave birth to a child.

The marriage ceremony entered into by the parties before the plaintiff had obtained a final decree in her divorce action against her husband by a prior marriage was an absolute nullity. *Irving* v. *Irving,* 152 *Ga.* 174 (108 S. E. 540, 18 A. L. R. 188) ; *Brown* v. *Parks,* 169 *Ga.* 712 (8) (151 S. E. 340, 71 A. L. R. 271) ; *Atlantic Bitulithic Co.* v. *Maxwell,* 40 *Ga. App.* 483 (150 S. E. 110). Their cohabitation in pursuance of this ceremony was illegal and illicit. The plaintiff in error contends that since the cohabitation was illicit in its inception, it continued to be so throughout the period of cohabitation. In *Drawdy* v. *Hesters,* 130 *Ga.* 161 (60 S. E. 451, 15 L. R. A. (N. S.) 190), it was held : "If a cohabitation between a man and a woman is shown to have been illicit in its inception, in the absence of proof to the contrary, the illicit relation will be presumed to have continued throughout the period of cohabitation. Such presumption may be overcome by direct or circumstantial evidence affirmatively showing that, pending the illicit relation, the parties entered into an agreement to become husband and wife, and thereafter continued the cohabitation in the new relation. The burden of proof is upon the party asserting the agreement." The opinion in that case quoted approvingly from 1 Andrews Am. L. (2d ed.) § 486, as follows : "Where the inception is illegal or illicit, the ordinary presumption of continuance applies until there is a change in the circumstances, but a very slight change will be seized hold of in order to presume the marriage." It will be noted that in the instant case the illicit cohabitation continued for only two or three days after the void marriage ceremony, and that cohabitation was not resumed until after the plaintiff had obtained a final verdict

in her divorce action against her former husband. Apparently, in view of the advice of the attorney, the plaintiff resumed cohabitation in the belief that the prior marriage ceremony was rendered valid by the removal of her disability. While the marriage ceremony was not validated by the removal of the disability, this was a circumstance to show that the parties resumed cohabitation with the understanding and agreement that they should be husband and wife, and thus effected a common-law marriage, which is valid in this State. Further evidence that cohabitation was resumed with the intention of becoming husband and wife is the fact that they held themselves out as such during the period of cohabitation. In *Hamilton* v. *Bell*, 161 *Ga.* 739 (3) (132 S. E. 83), it was held: "If a man who had a living wife undivorced entered into a ceremonial marriage with another woman who was not shown to have known of the former marriage, and they cohabited as husband and wife from the time of such marriage and continued to do so after the death of the first wife, they will be considered thereafter as lawfully married. . . . The facts of the subsequent death of the first wife and continued cohabitation by the man and second woman as husband and wife are sufficient to show a change of the character of the cohabitation which commenced unlawfully, and an agreement between them after removal of the prior disability to become husband and wife." The facts of the instant case are stronger than those in the *Hamilton* case, in that cohabitation was discontinued until the disability had been removed. This was a circumstance to show a change in the character of the cohabitation. This, together with the fact that they lived together as man and wife, was sufficient to authorize the judge to find that a valid marriage existed. See *Webb* v. *Webb*, 150 *Ga.* 670 (104 S. E. 637); *Heflinger* v. *Heflinger*, 161 *Ga.* 867 (132 S. E. 85); *Addison* v. *Addison*, 186 *Ga.* 155 (197 S. E. 232); *Lefkoff* v. *Sicro*, 189 *Ga.* 554 (6 S. E. 2d, 687). The judge did not err in granting the order allowing temporary alimony.

*Judgment affirmed. All the Justices concur.*