1. The approval of settlement between the claimant and the defendants, with a provision in writing that "If any party in interest doubts that the agreement made has been made strictly according to law, he may address the department with an inquiry or complaint. It will receive prompt attention," was not such a final award as would deprive the Industrial Board of jurisdiction to allow the defendants the right to have the case reopened within a reasonable time. Lumbermen's Mutual Casualty Co. v. Lattimore, 165 Ga. 501 (141 S.E. 195). See also U.S. Casualty Co. v. Smith, 162 Ga. 130, 134
(133 S.E. 851); U.S. Casualty Co. v. Smith, 42 Ga. App. 774
(2-a) (157 S.E. 351).
2. Where a man having a living wife enters into a ceremonial marriage with another woman, such purported second marriage is void. Irving v. Irving, 152 Ga. 174 (108 S.E. 540, 18 A.L.R. 88); Collins v. Collins, 165 Ga. 198
(140 S.E. 501; Pickren v. Pickren, 190 Ga. 609, 610 (10 S.E.2d 40); Barnett v. Barnett, 191 Ga. 501 (13 S.E.2d 19); Merry Bros. Brick Tile Co. v. Holmes, 57 Ga. App. 281, 285 (195 S.E. 223).
3. Under the evidence the director was authorized to find that the deceased, previously to his purported marriage with the claimant, had entered into a valid ceremonial marriage with another woman, which marriage had not been dissolved, and therefore that the claimant's purported marriage to the deceased was void, and that, not being his lawful wife, she was not entitled to compensation for his death. *Page 421 
4. The superior court did not err in affirming the award of the director denying compensation to the claimant and the award of the board refusing to remand the case to a director for taking of additional testimony, and affirming the award of the director.
Judgment affirmed. Stephens, P. J., and Felton, J.,concur.
 DECIDED MAY 30, 1942.
 STATEMENT OF FACTS BY SUTTON, J.
Jack Reese, on March 5, 1941, met with an accident arising out of and in the course of his employment with Scripto Manufacturing Company of Atlanta, Georgia, the accident resulting in his death on March 27, 1941. At the time of the accident he was earning $12 per week. Thereafter the employer and insurance carrier made an investigation as to dependency and obtained from Pearlina Harris Reese a written statement that she and Jack Reese were married in Meriwether County, Georgia, on September 5, 1915, and from the ordinary of that county a certified copy of a marriage license and certificate thereon which corroborated the claim of Pearlina Harris Reese as to being the wife of the deceased. On April 1, 1941, relying on such evidence, the defendants entered into an agreement with her, in which they agreed to pay her as "wife of the deceased" compensation in accordance with the Georgia workmen's compensation act. This agreement was filed with and approved in writing by the Industrial Board on April 17, 1941, with a recital in the approval that "If any party in interest doubts that the agreement made has been made strictly according to law, he may address the department with an inquiry or complaint. It will receive prompt attention."
On April 24, 1941, counsel for one Pearl Cooper Reese notified the Industrial Board and defendants that she was the only legal wife of the deceased, and by letter requested that the board assign her claim for a hearing, and also requested that payments of compensation in the weekly sum of $5.10 to Pearlina Harris Reese be stopped. Acting on such letter the Industrial Board notified the defendants on April 25, 1941, to discontinue such payments until a hearing could be had and the board determine the true dependent of the deceased. Thereafter, on May 16, 1941, a hearing was held before a single director, at which time Pearl Cooper Reese was permitted to show, without objection, that she had married the deceased *Page 422 
on April 2, 1911, and she introduced in evidence a certified copy of the marriage license and certificate. She testified that Jack Reese left her in 1914 without cause, and that, although he had visited her on several different occasions, and had given her money, she had not lived with him as his wife since 1914; that she and the deceased were living in Troup County at the time he left her and that she had lived in that county continuously since that time, and that the last time Jack Reese came back was just before Christmas in 1940; that she had never been divorced from him and had never heard of his getting a divorce. An older brother, Abe Reese, corroborated her testimony.
At a subsequent hearing of the case the single director announced that the attorney for Pearl Cooper Reese had withdrawn her claim, and when this was done counsel for Pearlina Harris Reese moved to dismiss the claim of Pearl Cooper Reese and asked that the board make an award reaffirming the award of April 17, 1941. The single director declined to rule on this motion until after the completion of the record, and subsequently to the filing of such motion the defendants were given permission to introduce evidence in support of their contention that the claim of Pearlina Harris Reese was not valid, that she was not the lawful widow of the deceased, and that under the workmen's compensation act she was not entitled to compensation for the death of a man to whom she was not legally married. Thereupon counsel for the defendants testified that he had examined the records of Troup, Meriwether, and Fulton Counties, the only counties in which any of the parties had resided since 1911, and did not find any record of a divorce proceeding between Jack Reese and Pearl Cooper Reese.
At a subsequent hearing Pearl Cooper Reese testified that after Jack Reese left her she went through a marriage ceremony with one Jim Flowers. A certified copy of the marriage license and certificate, which had been put in evidence, showed that the marriage took place on December 30, 1920. She testified that Flowers had been dead five or six years, that she lived in Troup County, and did not know anything about the woman Jack Reese married the last time and was not acquainted with her. Pearlina Harris Reese testified that the insurance carrier had paid her four weekly sums of $5.10 each after the agreement was entered into for compensation; that she had never heard of Pearl Cooper Reese, who claimed *Page 423 
to be the first wife of Jack Reese; and that at the time she received the above-mentioned sums she did not know that there was such a person.
On October 15, 1941, the single director rendered an award in which he found as a fact that "the first wife of Jack Reese, one Pearl Cooper Reese, was the legal wife of the deceased Jack Reese at the time of his death, but that she had abandoned and deserted him, and had even made another marriage without obtaining a divorce, and that she is not entitled to compensation," and that "Pearlina Reese, the second wife of Jack Reese, with whom he contracted marriage, was a mere nullity and void, for the reason that at the time of this second marriage to Pearlina, Jack Reese had a living wife from whom he had never been divorced, and the latter ceremony of marriage was null and void, as he had no right to contract the second marriage, and he committed bigamy in so doing." He further found as a fact that "the agreement of April 15th, 1941, between Pearlina Harris Reese of the one part and Scripto Manufacturing Company and American Mutual Liability Insurance Company of the other part, and the award of the board approving the agreement of April 17th, 1941, was made and entered into and rendered under a mistake of fact by the parties, and that all of the parties thought and believed that the investigation made by the insurance company tended to disclose that as of the date of the accident and death Pearlina Harris Reese was the legal wife and widow of Jack Reese. However, when Pearl Cooper Reese, on April 24th, 1941, notified the board that she claimed to be the lawful widow of the deceased and desired a hearing for the purpose of determining who was the legal dependent, and that she was entitled to recover compensation for his death, the board again acquired jurisdiction of the case and had the power to consider and pass upon the question as to whether the agreement of April 15, 1941, and the approval of the board of April 17th, 1941, were entered into pursuant to a mistake of fact and consider and correct the same if such were found to be the case." It was further stated in the award: "The director now finds that the agreement of April 15th, 1941, and the approval of the same by the board on April 17th, 1941, were entered into and handed down under and by virtue of a mistake of fact, and that neither such agreement nor the approval of the same is binding upon the employer and insurance *Page 424 
carrier or upon the Industrial Board. The director further finds as a fact that, as of the date of the accident and death of Jack Reese, Pearlina Harris Reese was not the lawful widow of Jack Reese, as her marriage to him was null and void because he had a legal wife from whom he was not divorced, and that she is not entitled to compensation. The director, adhering to the principle that the statute provides that a wife is the only person entitled to the benefit under the facts of this claim, holds that the approval of the agreement to pay some person who was not a wife was a nullity as being outside the law and contrary to public policy and void."
Within the time allowed by law Pearlina Harris Reese appealed from the award of the single director to the full board, and such appeal came on for a hearing on November 10, 1941. In that hearing Pearlina Harris Reese stated in open court, through her counsel, that she desired to abandon her appeal to the full board except in so far as such appeal asked for permission to introduce additional testimony in the case. The full board declined to remand the case for the purpose of taking additional testimony, and ruled that the evidence supported the findings of fact by the single director, and affirmed his award in its entirety. On November 14, 1941, Pearlina Harris Reese filed a joint appeal from both the award of the single director and the award of the full board to the superior court of Fulton County, which, after hearing, affirmed the award of the single director and that of the full board and denied the claimant's appeal. No appeal was filed by Pearl Cooper Reese. The exception by Pearlina Harris Reese is to the judgment of the superior court.