**KELLY v. RAGEN, Warden Illinois State Penitentiary.**

No. 7907.

Circuit Court of Appeals, Seventh Circuit.

July 15, 1942.

Euclid L. Taylor, of Chicago, Ill., for appellant.

Geo. F. Barrett, Atty. Gen., and Albert E. Hallett, Jr., Asst. Atty. Gen., for appellee.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

Appellant appeals from an order of the District Court dismissing his petition for writ of habeas corpus and remanding him to the custody of the Warden of the State Penitentiary where he had been incarcerated under sentence of fifteen years imprisonment upon his conviction of murder.

We are informed by the brief of appellant filed in support of the appeal and by report published in People v. Kelly, 366 Ill. 326, 8 N.E.2d 635, that the following proceedings took place before the filing of the petition here involved, the denial of which constitutes the basis for appeal. September 7, 1934, appellant was found guilty of murder by a jury in the Criminal Court of Cook County, and after the overruling of various pleas, he was sentenced to fifteen years imprisonment. In April, 1937, on writ of error, the Supreme Court affirmed the judgment. He was represented by counsel throughout his trial but not in the proceedings before the Supreme Court. In its published opinion (People v. Kelly, 366 Ill. 326, 8 N.E.2d 635, 636), the Court stated that the matter was presented to it without proper bill of exceptions, hence questions which appellant sought to raise could not be considered. It further stated, "If, however, the questions raised had been properly preserved for review, we would not be disposed to disturb the verdict of the jury. They saw and heard the witnesses and we can not say the verdict is palpably contrary to the weight of the evidence, or is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of defendant's guilt." Although it held that questions had not been properly presented, the Court did consider the evidence quite fully and in fact passed on the questions sought to be presented, stating, "The errors complained of are not such as to require a reversal of the judgment."

Petition for rehearing was filed, and denied by the Supreme Court in June, 1937. At these proceedings appellant proceeded pro se, and the matter was decided on briefs, without oral argument, although appellant petitioned for appointment of counsel to represent him at the expense of the State, which motion the Supreme Court denied, stating that it was without power to furnish counsel.

After denial of the petition for rehearing, appellant filed petition in the Criminal Court of Cook County for a writ of habeas corpus which he states was based on certain state and federal constitutional questions. He says that this petition was returned to him in June, 1938, by the Public Defender with a note, "Hire a lawyer." He then filed motion for a writ of habeas corpus in the federal District Court. After a hearing in which appellant was represented by counsel appointed by the court, the motion was denied on the ground that appellant's remedy lay in a motion for writ of habeas corpus to the Supreme Court of

Illinois. He then filed his application with the Supreme Court, supported by certain affidavits alleged to support his contention of newly discovered evidence. This was denied without hearing or representation by counsel. It appears to be this same petition, denied by the Supreme Court without hearing or representation by counsel, which appellant then filed with the District Court, and from the denial of which this appeal was taken.

The newly discovered evidence on which appellant bases his claim to relief consists of several affidavits, three of which are intended to prove that one of the eyewitnesses to the shooting who stated on trial that she was a sister of the deceased was in fact no relation to him, and a fourth was to the effect that the affiant who lived in the immediate vicinity of the shooting saw and heard more than one person shooting at the time of the accident "in the direction of the deceased at the same instant for which Clarence Kelly stands convicted and in the fact." These appear to be the only new matters introduced in the proceedings after affirmance of the judgment by the Supreme Court. Appellant does refer in his petition and brief to prejudicial questions asked by the court on trial, but these were also complained of in the review by the Supreme Court, and of course such matters as this must be availed of on appeal and do not constitute newly discovered evidence. The opinion of the Supreme Court indicates that the questions were presented to it, even though not properly raised by bill of exceptions. We therefore need not discuss this question beyond stating that the record presented contains nothing to substantiate the allegation of unfairness or bias.

We are convinced that this appeal must fail for many reasons. The order from which the appeal was taken recites that appellant was present in court, and that the Court heard the evidence adduced and arguments of counsel (appointed by the court), whereupon he dismissed the petition. Appellant does not contend that he was not granted full hearing. The record presented to us does not contain any transcript of the evidence heard. Hence, even if the petition asserted facts which disposed us to reverse the action of the court below, we would be unable to do so on this record.

The facts upon which appellant relies in his attempt to obtain freedom by discharge by a federal court on writ of habeas corpus from sentence imposed by a state court as to whose jurisdiction no question has ever been raised, appear to us to be wholly without merit. It must be remembered that he was tried by a jury at which trial he was represented by counsel of his own choosing. There followed appeal to the Supreme Court. It is true that that Court refused to appoint counsel to represent him and it may be that the absence of counsel was responsible for his failure to present a properly signed and settled bill of exceptions. However, appellant does not, and we think he cannot contend that failure of that Court to appoint counsel at the expense of the State because of its stated lack of power to do so, constitutes a violation of his Constitutional rights, and in view of the study of appellant's cause indicated by the published opinion, we cannot say that appellant was seriously prejudiced by the absence of counsel in the review of his case.

The alleged newly discovered evidence upon which appellant relies seems to us wholly inadequate to support a collateral attack upon the judgment of a court of competent jurisdiction. We doubt that habeas corpus is ever the proper medium of relief in a criminal case on the ground of newly discovered evidence unless that evidence is of such character as to completely undermine the entire structure of the case upon which the prosecution was based. We illustrate our thought by reference to the case of Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 341, 79 L.Ed. 791, 98 A.L.R. 406, where the theory upon which the right to relief by habeas corpus applied for in the Supreme Court of the United States was that "the sole basis of his conviction was perjured testimony, which was knowingly used by the prosecuting authorities in order to obtain that conviction, and also that these authorities deliberately suppressed evidence which would have impeached and refuted the testimony thus given against him." The Court held that the allegations, if proved, did constitute deprivation of due process. Perjury as to the relationship of one of a number of witnesses to the deceased is obviously in no way comparable to the perjury there charged, hence the case furnishes no authority for granting relief here. More-

over, the Supreme Court held that since the state courts were equally charged with federal courts with the duty of protecting Constitutional rights of their citizens, and providing corrective judicial process for the relief of persons convicted and imprisoned for crime without due process of law, the Supreme Court of the United States should not be asked to issue the writ until it was clear that all recourse to state process had been exhausted.

■ We think this rule is even more true in the case of the inferior courts of the United States. As stated by the Court of Appeals for the Second Circuit in United States v. Murphy, 108 F.2d 861, 862, "the district court had undoubted jurisdiction to entertain the writ, but the situations in which it is proper to exercise it are so rare that the effort almost never succeeds. 'Exceptional circumstances of peculiar urgency' alone can justify intervention. * * *" To the same effect is the rule stated in United States v. Tyler, 269 U.S. 13, 46 S.Ct. 1, 3, 70 L.Ed. 138: "that the power conferred on a federal court to issue a writ of habeas corpus to inquire into the cause of the detention of any person asserting that he is being held in custody by the authority of a state court in violation of the Constitution, laws, or treaties of the United States, is not unqualified, but is to be exerted in the exercise of a sound discretion. The due and orderly administration of justice in a state court is not to be thus interfered with save in rare cases where exceptional circumstances of peculiar urgency are shown to exist. * * * This general rule is emphasized by a consideration of the few cases where this court has upheld the allowance of the writ. They were all cases of exceptional urgency. * * * [Discussing In re Neagle, 135 U.S. 1, 10 S.Ct. 658, 34 L.Ed. 55; In re Loney, 134 U.S. 372, 10 S.Ct. 584, 33 L.Ed. 949; and Wildenhus' Case, 120 U.S. 1, 7 S.Ct. 385, 30 L.Ed. 565.]"

■ A recent case which well illustrates the type of urgent necessity justifying the issuance of the writ is Jones v. Commonwealth, 6 Cir., 97 F.2d 335, 336. There a prisoner had been convicted of murder and sentenced to death; the Attorney General of the State had stated "after 'giving the matter more than ordinary consideration'" that he was "strongly inclined to the view that Tom Jones was convicted on perjured testimony." The highest court of the State had relegated him to the remedy of an appeal for executive clemency, "suppressing 'sympathy for him, because of his unfortunate predicament'" although it knew that the Governor "conceives himself bound by a pledge not to exercise the pardoning power." The Court of Appeals for the Sixth Circuit approved the action of the District Court in denying the writ because of the impropriety of reversal by a single judge of the decision of the highest court of the State, but at the same time issuing a certificate of probable cause to permit the "decision by a court clothed with greater authority." Upon consideration, the Court of Appeals set aside the order of dismissal and remanded the cause with instructions to discharge the appellant from custody, without prejudice to the right of the Commonwealth to take such proceedings as were consistent with its decision.[1]

Our search of cases before the United States Supreme Court in the last few years involving habeas corpus proceedings indicates no relaxation of the rule stated in the Tyler case and again in the Mooney case.[2] Of the cases cited in the margin, only the last two involved state court criminal prosecutions and attempts to obtain relief therefrom, and of these, the case of Smith v. O'Grady was heard on certiorari to review a decision of the Supreme Court of Nebraska affirming the dismissal by a lower state court of a petition for the writ. The last case cited, Ex parte Hull, is the only one involving application

---

[1] Cf. the practice of the Court of Appeals for the Ninth Circuit which has adopted the rule that "the appropriate way to raise questions involving the validity of a commitment under a state law is by application to the state courts, and if denied by appeal to the Supreme Court of the United States." Hogue v. Duffy, 124 F.2d 864, 865, certiorari denied April 27, 1942, 62 S.Ct. 1044, 86 L. Ed. ——, and cases there cited.

[2] Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455; Kessler v. Strecker, 307 U.S. 22, 59 S.Ct. 694, 83 L. Ed. 1082; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392; Smith v. O'Grady, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859; Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034.

to a federal court for the relief, and the application there was directly to the United States Supreme Court which denied the relief prayed, although it did hold invalid a regulation of the state prison abridging a prisoner's right to apply to the federal courts for relief.

There was no error in the disposition by the District Court of the petition here involved, and its judgment is, therefore, affirmed.