## 27975. FITTS v. FITTS.

UNDERCOFLER, Justice. This appeal complains that the trial court's award of $560.06 for expenses of litigation and $6,000 attorney fees as part of temporary alimony is excessive, beyond appellant's ability to pay, contrary to law and equity, against the weight of the evidence and without evidence to support it. Appellant argues that the court obviously failed to consider the wife's separate estate in arriving at these amounts.

"Under our law, the judge has a broad discretion, and it will not be controlled by this court unless it has been manifestly abused. *Etheridge v. Etheridge,* 149 Ga. 44 (99 SE 37); *Rigdon v. Rigdon,* 174 Ga. 903 (164 SE 677); *Caswell v. Caswell,* 179 Ga. 676 (177 SE 247). Under the facts and circumstances of this case, the judge was authorized in his discretion to allow some amounts as temporary alimony and attorneys' fees, and it cannot be said as a matter of law that either amount was excessive. As to attorneys' fees, see *Collins v. Collins,* 29 Ga. 517; *Rogers v. Rogers,* 103 Ga. 763 (30 SE 659); *Spooner v. Spooner,* 149 Ga. 467 (100 SE 571); *Statham v. Statham,* 182 Ga. 805 (187 SE 17); *Morris v. West,* 183 Ga. 214 (187 SE 861); *Hall v. Hall,* 185 Ga. 502, 506 (4) (195 SE 731)." *Moss v. Moss,* 200 Ga. 8, 12 (36 SE2d 431).

The appellant also complains that the following provision of the judgment is illegal, "Ordered that James E. Fitts who is holding funds subject to this court's order, shall pay over said sum of $560.06 to plaintiff and said sum of $6,000 attorney's fees forthwith." James E. Fitts is the son of the appellant by a previous wife. He was joined as an additional defendant so as to be required to pay into the registry of the court any fund he might have which belonged to the appellant. James E. Fitts

answered and admitted that the appellant delivered to him approximately $68,000 of which $33,000 was a gift to him, that a substantial portion of the remainder was returned to appellant, and that he holds the balance subject to appellant's instructions. Whether the court's order is erroneous need not be decided. The judgment is against James E. Fitts, the son, and he has not appealed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 12, 1973 — DECIDED JULY 2, 1973.

*Westmoreland, Hall & Bryan, John L. Westmoreland, P. Joseph McGee,* for appellant.

*Jack P. Turner,* for appellee.