## 33999. RITCHEA v. RITCHEA.

MARSHALL, Justice.

In this appeal from the grant of temporary child support, the appellant husband complains that the appellee wife produced no evidence of the financial needs of herself and their minor child at the hearing; that the trial judge based his award solely upon an affidavit submitted after both sides had rested their cases; and that the appellant was afforded no opportunity of cross examination as to the affidavit.

Contrary to the appellant's contention, the trial judge did not rely solely upon the affidavit. There are admissions and evidence in the record tending to show the parties' income, standard and style of living, and needs. Since the appellant father had knowledge of his own financial situation and of the needs of his son, who was living with him at that time, his failure to produce evidence of such to refute or amplify the appellee's showing, raised a rebuttable presumption that the appellee's showing was accurate. Code § 38-119; *Walton v. Walton*, 219 Ga. 729, 733 (135 SE2d 886) (1964).

Furthermore, consideration of the affidavit was not error. Since the award of temporary alimony is subject to modification, "[t]he rules of evidence are not as strictly applied at an interlocutory hearing on an application for temporary alimony as in the final trial of the case." *Gray v. Gray*, 226 Ga. 767, 768 (2) (177 SE2d 575) (1970) and cits. The plaintiff is not required to develop her case as fully as would be necessary on the trial for divorce. *Long v. Long*, 191 Ga. 606, 607 (13 SE2d 349) (1941). The affidavit was filed pursuant to and in conformity with the local rules of the court, which are not challenged. The appellant has not shown that the facts alleged in the affidavit were untrue, that he requested and was denied an opportunity to either file a counter-affidavit or cross examine as to the affidavit, or even that the award of temporary child support, allegedly based solely on the affidavit, was excessive.

" 'Under our law, the judge has a broad discretion, and it will not be controlled by this court unless it has been manifestly abused. [Cits.]' " *Fitts v. Fitts*, 230 Ga. 755 (199

SE2d 256) (1973). The errors enumerated by the appellant do not show a manifest abuse of discretion,especially since the evidence as a whole supports the award.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 1, 1978 — DECIDED NOVEMBER 7, 1978.

*Yancey, Perkins & Barnick, Howard E. Yancey, Jr.,* for appellant.

*Elsie H. Griner, J. Laddie Boatright,* for appellee.