22400. STATE HIGHWAY BOARD OF GEORGIA *v.* LEWIS *et al.*

HOOPER, J. 1. "Whoever attacks the validity of a marriage has the burden of proving its invalidity, by clear, distinct, and positive proof. The presumption as to the validity of a marriage can only be negatived by disproving every reasonable possibility." *Ward* v. *Ward,* 24 *Ga. App.* 695 (102 S. E. 35).

2. "Where a second marriage by a person is established and it is shown that he or she had previously married another person who was living at the time of the second marriage, the presumption is that the first marriage had been dissolved by a decree of divorce, and the burden is upon the person attacking the validity of the second marriage to show that a divorce had not been granted." *Ward* v. *Ward,* supra.

3. The evidence before the industrial commission (now the department of industrial relations) of Georgia upon the hearing of the claim filed by the alleged dependent surviving wife of the deceased employee, for compensation arising out of his death, showed that the employee, on December 26, 1916 (some eleven years before his marriage to claimant), had consummated a marriage with another woman, who left him a short time thereafter and subsequently married twice. *Held:*

(*a*) The only evidence tending to rebut the presumption of dissolution of the employee's former marriage being the testimony of his mother to the effect that his former wife "never got a divorce so far as she [witness] knew," the testimony was insufficient for that purpose.

(*b*) Nothing ruled herein conflicts with the decisions in the cases of *Irving* v. *Irving,* 152 *Ga.* 174 (108 S. E. 540, 18 A. L. R. 88), and *Atlanta Bitulithic Co.* v. *Maxwell,* 40 *Ga. App.* 483 (150 S. E. 110), which involved primarily the question of the status of bigamous marriages rather than the matter of proof thereof.

(*c*) Especially do the principles of law announced above obtain in this case, as it appears from the evidence that the former wife of the deceased employee after separating from him remarried twice. A ruling contrary to that here made would have to assume not only that the deceased employee had contracted one bigamous marriage, but also that his former wife had contracted two such marriages. See Nixon *v.* Wichita Land &c. Co., 84 Tex. 408 (19 S. W. 560).

4. It follows from the above that the award of partial compensation by the industrial commission was not unauthorized for the reason, as contended by the plaintiff in error, that the evidence showed the claimant not to be a dependent under the provisions of the workmen's compensation law (Michie's Code, § 3154 (38)); and the judge of the superior court properly affirmed the award, on appeal.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED DECEMBER 20, 1932.

J. S. Powell, for plaintiff in error.
Q. L. Bryant, J. R. McCracken, M. C. Barwick, contra.