26003. NEW AMSTERDAM CASUALTY COMPANY *et al.* v. SEALS.

FELTON, J. 1. Where a man contracted a second marriage while his first wife was still alive, it will be presumed in favor of the validity of the second marriage that the first marriage was legally dissolved by divorce before the second marriage was entered into; and one who asserts the invalidity of the second marriage must show that there has not been any divorce. *Brown* v. *Parks,* 173 *Ga.* 228 (160 S. E. 238); *Murchison* v. *Green,* 128 *Ga.* 339 (57 S. E. 709, 11 L. R. A. (N. S.) 702); *Ward* v. *Ward,* 24 *Ga. App.* 695 (102 S. E. 35).

2. Where proof of a negative is essential to the existence of a right, the burden of proving such negative is properly placed on the party claiming the right. Where, therefore, the right of a claimant to property of an intestate rests on the supposed illegality of a marriage, the claimant must, before he can make good that right, by proper proof remove every presumption of the legality of the second marriage. *Brown* v. *Parks,* supra.

3. An award in favor of the first wife of the deceased insured was made by the industrial commission, and was affirmed by the superior court on appeal. It appeared from the record that there was a subsequent marriage between the deceased and another woman, and the only evidence introduced to overcome the presumption of the validity of the second marriage was as follows: "Q. You are the wife of Henry B. Seals, deceased? A. Yes sir. Q. How many years have you been married? A. About twenty. Q. You got married about twenty years ago? A. Yes sir." In the absence of positive testimony that a divorce between her and the deceased had not been granted, the evidence was insufficient to overcome the presumption of the validity of the second marriage, and the judgment affirming said award was error.

*Judgment reversed. Sutton, J., concurs. Stephens, P. J., dissents.*

DECIDED MARCH 4, 1937. REHEARING DENIED MARCH 30, 1937.

*Bussey & Fulcher,* for plaintiffs in error.

*Henry J. Heffernan, Albert G. Ingram,* contra.

STEPHENS, P. J., dissenting. I am of the opinion that the evidence was sufficient to authorize the inference that the first marriage had not been dissolved; that is, that no divorce had been granted, and that therefore the second marriage was bigamous. This being the case, it is error to conclude as a matter of law that the claimant, Dora Seals, the wife of the first marriage, had failed to show that the first marriage was undissolved. I am of the opinion that the evidence is not conclusive that the claimant was not the wife of the dead man, but was sufficient to authorize a finding that she was the dead man's wife, and that she did not desert him, but that he deserted her. The claimant's conduct with other men after the deceased, her husband, had deserted her, does not authorize a conclusion that she had abandoned the marriage or had deserted her husband. I am therefore of the opinion that the evidence authorized the award of compensation, and that the superior court did not err in affirming it.