26335, 26352. BREWER *v.* INTERSTATE LIFE AND ACCIDENT COMPANY; and *vice versa.*

DECIDED NOVEMBER 13, 1937.

*Maddox & Griffin,* for plaintiff.
*Maddox, Matthews & Owens,* for defendant.

STEPHENS, P. J. Thomas Brewer brought suit against the Interstate Life and Accident Company to recover for alleged loss of services of his wife on account of an aggravation of her illness and sickness brought about by the alleged wilful and unlawful conduct of the defendant, and to recover for expenses incurred by him on account of such illness. It is alleged in the petition that

while the plaintiff's wife was sick in bed and suffering from high blood pressure and heart trouble, an agent of the defendant called upon her and discussed with her a claim which she had under a policy with the defendant, and while so doing, and with knowledge of the wife's sickly condition, persisted in discussing these matters over her protest, and talked to her in a rough, impolite, and threatening manner which aggravated her illness and prolonged it, and thereby rendered the wife incapable of rendering services to her husband, and thereby rendered it necessary for the husband to incur additional expenses on account of the prolongation of the wife's illness, consisting of doctors' bills, hospital bills, etc. It appears from the testimony for the plaintiff, that he married the woman alleged to be his wife by a ceremonial marriage performed in 1926; that they lived together as man and wife, and have since lived together as man and wife; that the plaintiff had been married before; that the last time he saw his former wife was in 1920; that at the time he and she were already separated; that they had been separated two years before that time; that he never did get a divorce from her; that he has never heard anybody say where she is now, and never did hear whether she had died or not; and that he guessed that she is dead. In *Murchison* v. *Green,* 128 *Ga.* 339 (57 S. E. 709), it was held as follows: "All the presumptions necessary to make a marriage valid attach on proof of a formal ceremony of marriage and cohabitation by the parties under the belief that they were lawfully married; and the burden is on those who attack the validity of the marriage, to show its invalidity by clear, distinct, positive, and satisfactory proof. There is in such case a presumption that the parties had capacity to contract marriage; and this presumption prevails until overcome by proof. Where the presumption of the validity of a marriage, arising from the performance of a ceremony, conflicts with the presumption of a continued life of a former spouse of one of the parties, if neither is aided by proof of facts or circumstances corroborating it, the presumption of the validity of the second marriage will prevail over the presumption of the continuance of life of the former spouse." While it appears that at the time of his marriage the plaintiff was not divorced from his first wife, it does not appear that at the time the first wife was not dead. At the time of his marriage, according

722

to the plaintiff's testimony, he had not seen the first wife in six years, and has never heard whether she was dead or alive. *New Amsterdam Casualty Co. v. Seals*, 55 *Ga. App.* 569 (190 S. E. 870). Under the ruling in *Murchison v. Green*, supra, as applied to the evidence adduced for the plaintiff, it does not appear conclusively and as a matter of law that the plaintiff's marriage to his present alleged wife was void.

The evidence adduced on the trial, without going into details, was sufficient to support the allegations of the petition that the defendant, through its authorized agent, by its wilful and intentional conduct caused the alleged physical injuries to the plaintiff's wife. It particularly appeared from the evidence, in the testimony of the physician who attended the plaintiff's wife, that in his opinion her general condition was aggravated and her recovery set back on account of the conduct of the defendant's agent. See *Interstate Life & Accident Co. v. Brewer*, 56 *Ga. App.* 599 (193 S. E. 458), which was the case of the wife to recover damages against the same defendant, growing out of the same transaction. The rulings there made are controlling here. The petition set out a cause of action, and the evidence was sufficient to sustain its allegations and to authorize a verdict for the plaintiff. The court did not err in overruling the demurrer to the petition, but did err in granting a nonsuit.

*Judgment reversed on the main bill of exceptions; affirmed on the cross-bill. Sutton and Felton, JJ., concur.*