## ADDISON *v*. ADDISON.

JENKINS, Justice. 1. While it is the rule that cohabitation, illicit in its inception, will be presumed to have so continued throughout the period of cohabitation, yet if, after the disability of the parties has been removed by lapse of time or otherwise, the cohabitation is continued, and the parties thereafter hold themselves out as man and wife, if the original illegal cohabitation was had in the absence of an attempted ceremonial marriage, a new and valid agreement of marriage will be presumed to have been entered upon, in the absence of anything appearing to the contrary; and if such illegal original cohabitation was in pursuance of an abortive ceremonial marriage, the continued cohabitation as man and wife after the disabilities have been removed will, in the absence of anything appearing to the contrary, cause the original declaration of intent to be treated as continuing. *Foster* v. *Foster*, 178 *Ga.* 791 (3) (174 S. E. 532); *Drawdy* v. *Hesters*, 130 *Ga.* 161 (4-6) (60 S. E. 451, 15 L. R. A. (N. S.) 190); *Powers* v. *Powers*, 138 *Ga.* 65 (74 S. E. 759); *Luke* v. *Hill*, 137 *Ga.* 159, 161 (73 S. E. 345, 38 L. R. A. (N. S.) 559); *Smith* v. *Smith*, 84 *Ga.* 440, 445, 451 (11 S. E. 496, 8 L. R. A. 362); *Smith* v. *Reed*, 145 *Ga.* 724 (89 S. E. 815, L. R. A. 1917A, 492); *Hamilton* v. *Bell*, 161 *Ga.* 739 (3) (132 S. E. 83); *Heflinger* v. *Heflinger*, 161 *Ga.* 867 (132 S. E. 85).

2. "The burden is on those who attack the validity of the [a ceremonial] marriage to show its invalidity by clear, distinct, positive, and satisfactory proof. There is in such case a presumption that the parties had capacity to contract marriage; and this presumption prevails until overcome by proof." *Murchison* v. *Green*, 128 *Ga.* 339, 341 (57 S. E. 709, 11 L. R. A. (N. S.) 702); *State Highway Board* v. *Lewis*, 46 *Ga. App.* 162 (167 S. E. 219); *Ward* v. *Ward*, 24 *Ga. App.* 695 (102 S. E. 35). The presumption as to the existence of a valid contract of marriage, which arises from cohabitation and repute, yields to proof of an actual subsequent ceremonial marriage of one of the parties. *Jenkins* v. *Jenkins*, 83 *Ga.* 283 (2), 286 (9 S. E. 541, 20 Am. St. R. 316); *Norman* v. *Goode*, 113 *Ga.* 121 (2), 124 (38 S. E. 317); *Barney* v. *Barney*, 43 *Ga. App.* 545, 548 (159 S. E. 595). Under such circumstances, a party who attacks his ceremonial marriage by seeking to prove his prior marriage to another, founded upon cohabitation and repute, must show every element necessary to the validity of such a prior marriage, by proving not only that the prior marriage was consummated in accordance with the foregoing rules of law, but that such alleged former spouse was single and possessed every other qualification for a valid marriage.

3. Applying the foregoing principles to the evidence, the court did not err in allowing temporary alimony and attorney's fees to the plaintiff in her divorce suit, where the defendant sought to attack the validity of his undenied ceremonial marriage to the plaintiff by showing his previous undissolved marriage to another person. Since the evidence as to his alleged prior marriage showed only that, when fifteen years old, he was "married" without a license to another woman at the court-house, and thereafter cohabited with her as man and wife until after he attained the age of seventeen, but failed to show who performed the

alleged marriage or his authority to do so or other facts, and thus wholly failed to show any sort of previous ceremonial marriage, the judge was not compelled to find that there was such a prior marriage; nor was he even authorized to find that there was a prior common-law marriage, as against the subsequent admitted ceremonial marriage to the plaintiff, in the absence of any showing as to the qualifications of the alleged previous spouse for marriage during any of the period of repute and cohabitation.

*Judgment affirmed. All the Justices concur.*

No. 12173. MAY 12, 1938.

*Vance Custer,* for plaintiff in error.
*H. B. Spooner* and *J. C. Hale,* contra.

