27057. JACKSON *v.* JACKSON *et al.*

DECIDED OCTOBER 17, 1938.

*Ringel & Ringel, Krauss & Strong,* for plaintiff in error.
*W. C. Little, L. J. Bennet,* contra.

SUTTON, J. 1. The general rule, that the plaintiff in any action, in any court, may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of the defendant, is not applicable where, as in the present case, the dismissal was received by the director of the Industrial Board after he had prepared, written, and signed the award denying compensation to the claimant, who is the plaintiff in error here, and had mailed copies thereof to the parties. The award was the judgment of the Industrial Board disposing of the claim, and the dismissal order, being received by the director after the award was so entered, came too late.

2. "Where a man contracted a second marriage while his first wife was still alive, it will be presumed, in favor of the validity of the second marriage, that the first marriage was legally dissolved

by a divorce before the second marriage was entered into; and one who asserts the invalidity of the second marriage must show that there has not been any divorce." *Brown* v. *Parks,* 173 *Ga.* 228 (160 S. E. 238). See also *Ward* v. *Ward,* 24 *Ga. App.* 695 (102 S. E. 35); *State Highway Board of Georgia* v. *Lewis,* 46 *Ga. App.* 162 (167 S. E. 219); *Belle Isle* v. *Belle Isle,* 47 *Ga. App.* 168 (170 S. E. 211); *New Amsterdam Casualty Co.* v. *Seals,* 55 *Ga. App.* 569 (190 S. E. 870); *Murchison* v. *Green,* 128 *Ga.* 339 (57 S. E. 709).

3. "Where proof of a negative is essential to the existence of a right, the burden of proving such negative is properly placed upon the party claiming the right. Where, therefore, the right of a claimant to property of an intestate rests upon the supposed illegality of a marriage, the claimant must, before he can make good that right, by proper proof remove every presumption of the legality of the second marriage." *Brown* v. *Parks,* supra.

4. This was a case of competition in marriages, between two women, each claiming to be the widow of the deceased employee, Edgar Jackson. The employer and insurance carrier did not deny liability; but the question for determination was, which one of the claimants was entitled to the compensation. Under the evidence the director was authorized to find "that the claimant, Olive Jackson, was not, at the time of the injury and death of the deceased employee, dependent upon him for support, she having lived separate and apart from him for about ten years, and on the date of the death of the deceased employee she was living with another man as husband and wife. There is not sufficient evidence that there was never a divorce secured by the deceased employee. The only evidence on this question presented is the contradictory testimony of the claimant, Olive Jackson, and this director finds that that testimony is insufficient for the purpose of rebutting the presumption of dissolution of the employee's former marriage; and this director further finds that widow claimant, Florine Jackson, after consummating a marriage with the deceased employee on July 29, 1927, lived with him continuously from that date until the date of his death as husband and wife; and that the claimant, Florine Jackson, was wholly dependent upon the deceased employee for support, the parties attacking the validity of this marriage having failed to carry the burden of proof as required by law

of showing that a divorce from the first wife of the deceased employee had not been granted."

5. Applying the above-stated principles of law to the facts of this case, the judge of the superior court did not err in affirming the award by the Industrial Board, which had affirmed the award by the director.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*