29387.   MEGARITY *v.* GANN.

DECIDED APRIL 10, 1942.

*Blair & Gardner, George D. Anderson,* for plaintiff.
*Gordon B. Gann, Mozley & Combs,* for defendant.

GARDNER, J. (After stating the facts as above.) We will deal with the questions in the order named.

1. On account of the numerous decisions tending to deal with the question as to the right of amendment under the Code, § 81-1301, and the much discussion under numerous decisions which have arisen under trial court orders as to the time when such amendments may or may not be filed and allowed, or allowed and filed, to become effective and operative as amendments, we must confess that we have approached this question with difficulty. For the purposes of a proper construction of the court's order of May 17, we do not deem it necessary to enter at great length upon a discussion of these questions under the facts of this case. Counsel for plaintiff in error cite as controlling *Johnson* v. *Vassar,* 143 *Ga.* 702 (85 S. E. 833), and *Clark* v. *Ganson,* 144 *Ga.* 545 (87 S. E. 670). We think the facts in these cases clearly distinguish them from the case at bar. In the *Vassar* case the order of the judge was as follows: "This demurrer coming on to be heard, and after argument, the same is sustained on each and every ground,

with twenty (20) days leave given plaintiff to amend his petition." Under the wording of the order of May 17 we think the court was authorized to hold that the filing in the clerk's office complied with the requirements of the order. This is certainly a possible construction which the wording of the order implies. There are a number of decisions to the effect that if an order is capable of two constructions the one placed on it by the trial court will be adopted by the appellate court as the proper construction. This is very aptly expressed in *Brown* v. *Richards,* 114 *Ga.* 318 (40 S. E. 224) : "Where an order continuing the hearing of a motion for a new trial is susceptible of a construction which would allow the movant to prepare and file a brief of the evidence on the day to which the hearing is continued, and of a construction which would not preserve this right, this court will adopt that construction of the order which is placed upon it by the judge at the final hearing, when he dismisses the motion for a new trial because no brief of evidence was filed when the motion was first called." We also call attention to *Humphries* v. *Morris,* 179 *Ga.* 56 (175 S. E. 242), in which Judge Gilbert, speaking for the majority opinion, and Judge Bell, speaking for the minority, enter into a very interesting discussion of the question before us, but on the point before us, as to the construction of orders, it would seem that both our appellate courts agree that the trial court is allowed a wide discretion in construing its orders. And where such orders are capable of more than one construction the appellate court will adopt the construction placed on the order by the trial judge.

2. The court did not err in overruling the demurrers to the answer, except as to the special demurrer to paragraph 14-c of the answer, which we will deal with in the succeeding division of this opinion.

3. The first two grounds of the amended motion for new trial deal with the charge to the jury regarding the issue made by paragraph 14-c of the answer, which alleged, in effect, that the suit should abate "because plaintiff has never given in or returned said note for intangible tax as required by the laws of the State of Georgia." To this allegation the plaintiff demurred generally, to the effect that such allegation set forth no sufficient and legal reason why the plaintiff should not recover. The allegations of the answer are sufficient to withstand such general terms as are

embraced within the demurrer to it, and the court did not err in overruling the demurrer. We deal with it specifically here in connection with grounds 1 and 2 of the amended motion for new trial, for the reason that error is assigned upon the court's charge with reference to these grounds. The errors alleged in the charge are two: (a) The burden being upon the defendant to prove this allegation of his defense (a prima facie case having been admitted by the defendant), and there being no evidence whatever to sustain this defense, there was no issue for the jury to pass upon and the court erred in submitting it to the jury; (b) that the court, though there was such an issue, did not charge correctly the law applicable thereto.

As to the first proposition (a) the only evidence introduced on the issue thus drawn by the pleadings was from the plaintiff on cross-examination, to the effect that he did not at first return the note for taxes, but this was due to the fact that the defendant, who made plaintiff's intangible tax return for him, left out defendant's note, but since then plaintiff had returned the note for taxes and paid the tax and the penalty. In his charge the judge first called the attention of the jury to the issue drawn by the pleadings, and further stated that if the note had not been returned for taxes the plaintiff could not recover, and in the same connection charged that if the note had been returned for taxes and the taxes paid plaintiff could recover. The evidence did not show when the note was returned for taxes, or when the taxes were paid. While it is doubtful that in view of the evidence on this issue it should not have been submitted to a jury, yet in view of all the facts we are not in position to say that if error it was harmful, under all the facts of this case. (b) The other contention on this point is that the statute does not penalize the failure to pay the tax, or the mere failure to return the intangible property, but that it penalizes only the "wilful failure" to return. We find merit in this contention of the plaintiff, but in view of what we have said with reference to the evidence on this issue, and with reference to the charge of the court thereon in division (a) of this opinion, next above preceding, we can not see how the jury could have based their verdict on this issue in the pleading, or how they could have been materially confused thereby, and caused their attention to be diverted from the issue of payment, which involved an accounting covering

eight or ten years, made up of many transactions with numerous parties. Conceding that such was error we are likewise constrained to hold that this was harmless, under the facts of this case.

4. The evidence amply supported the verdict.

*Judgment affirmed, Broyles, C. J., and MacIntyre, J. concur.*