29790. BITUMINOUS CASUALTY CORPORATION *et al. v.* HARRIS.

DECIDED MARCH 6, 1943.

*T. Elton Drake, Herman Talmadge, Edward B. Lovell, Irving S. Nathan,* for plaintiffs in error.

*Winfield P. Jones, F. L. Breen,* contra.

BROYLES, C. J. Maddie Haynes Harris filed a claim for compensation with the Industrial Board of Georgia in which she alleged that she was the widow of Major Edgar Harris; that her deceased husband at the time of his death was employed by W. T. Cunningham and W. G. Cunningham, doing business as Cunningham Motorcycle Company, and that Bituminous Casualty Corporation was the insurance carrier for said employer; that her husband's death resulted from injuries arising out of and in the course of his said employment.

On the hearing before a director of the board it was admitted by counsel for the defendants that the death of said Harris was caused by injuries which arose out of and in the course of his employment. It was also agreed by counsel that the claimant was first ceremonially married to R. L. Summerlin at Sandersville, Georgia, on June 27, 1933, and that there had been no divorce or annulment of that marriage; and that on December 21, 1938, the claimant and Major Edgar Harris contracted and entered into a relationship which constituted a common-law marriage, and that such relationship continued until his death. It was further agreed that the claimant testified that after her first marriage to Summerlin, he left her, saying that he had previously married another woman. It was further stipulated that, a few months after Summerlin left her, she heard that he was dead.

The director held that the burden of proof was on the claimant to show that her first husband was dead or that she had been divorced from him before her second marriage, and that she failed to carry the burden, and therefore compensation was denied her. The award was affirmed by the full board. On an appeal to the superior court, the judge set aside the award and ordered a new trial; and that judgment is assigned as error in the bill of exceptions.

1. The defendant in error has moved to dismiss the bill of exceptions on the ground that it contained no assignment of error on any final judgment. The motion is without merit. "No cause

shall be carried to the . . Court of. Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, *if it had been rendered as claimed by the plaintiff in error,* would have been a final disposition of the cause or final as to some material party thereto." , (Italics ours.) Code, § 6-701. · If the judgment complained of in this case had been an affirmance of the award, as the plaintiffs in error contend it should have been, it would have been a final disposition of the cause. See also *Patterson Produce Co.* v. *Wilkes,* 1 *Ga. App.* 430 (57 S. E. 1047); *Ray* v. *Hicks,* 146 *Ga.* 685 (92 S. E. 48); *New Amsterdam Co.* v. *McFarley,* 64 *Ga. App.* 465 (13 S. E. 2d, 588).

2. The controlling question here is, who carried the burden of proof as to the competitive marriages? It is well settled by numerous decisions of the Supreme Court and this court that where a second marriage is established, and it is shown that one so married had previously married another person, whose whereabouts at the time of the second marriage and thereafter were unknown, the presumption is that the first marriage had been dissolved by a divorce decree, or that the first husband or wife was dead; and that the burden is upon the party attacking the validity of the second marriage to show that a divorce had not been granted and that the first husband or wife was not dead. *Brown* v. *Parks,* 173 *Ga.* 228 (160 S. E. 238); *Belle Isle* v. *Belle Isle,* 47 *Ga. App.* 168 (2) (170 S. E. 211); *Norman* v. *Goode,* 113 *Ga.* 121 (38 S. E. 317). The burden is upon him who attacks the validity of the marriage to show that it is invalid, by clear, distinct, positive and satisfactory proof. Megginson *v.* Megginson, 21 Ore. 387 (28 Pac. 388, 14 L. R. A. 540).

In the instant case it was stipulated that the first marriage had not been dissolved by a decree of divorce, or annulled, but there was no agreement that the first husband was alive at the time of the claimant's second marriage, and absolutely no proof whatever that he was then alive. And, as said in *Brown* v. *Parks,* supra: "If at the time of the marriage one of the parties had a living spouse, of course the marriage is void. But it is incumbent upon him who attacks the marriage upon this ground to . . establish that the former spouse was living at the time that the second marriage ·was entered into. . . While there may be a presumption

of life when the period between the time the spouse was last heard from and the second marriage is less than seven years, under such circumstances this presumption of life conflicts with the presumption of innocence which the law raises in favor of the party contracting the second marriage. The presumption that the party contracting the second marriage is innocent of the crime of bigamy is, in such circumstances, stronger than the presumption that the former spouse is in life. Where the presumption of innocence and of the validity of the marriage conflicts with the presumption of life, and neither presumption is aided by proof of facts or circumstances corroborating it, the presumption of the validity of the marriage has generally been held to be the stronger, and to prevail over the presumption of the continuance of the particular life; and this has been held although the time elapsing between the last knowledge of the former spouse and the second marriage is much less than seven years." In *Belle Isle* v. *Belle Isle,* supra, cited in behalf of the plaintiffs in error, this court held that there "was no competent evidence establishing the fact of the second marriage." In the instant case the fact of the second marriage was admitted. The other cases cited by counsel for the plaintiffs in error are also distinguished by their particular facts from this case.

It follows from the decisions hereinbefore quoted and cited that the director and the full board erred in holding that under the facts of the case (which were undisputed) the burden was on the claimant to show that her first husband was not alive at the time of the second marriage; the correct rule of law being that the burden was on the defendants, who had attacked the validity of that marriage, to show by clear, distinct and positive proof, that the first husband was alive at the date of the second marriage. That burden was not carried by them. There not being sufficient competent evidence in the record to authorize the award, the judge of the superior court did not err in setting it aside and ordering a new trial.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*