## 30900. BROWN *v.* HOGAN.

FELTON, J. 1. "When a marriage has been regularly solemnized and the parties live together as man and wife, there is a presumption that the parties had capacity to contract the marriage, and of the existence of all other facts necessary to render the marriage valid; and this presumption prevails until the contrary appears. The burden is upon him who attacks the validity of the marriage to show that it is invalid by clear, distinct, positive, and satisfactory proof. *Megginson v. Megginson,* 14 L. R. A. 540 [21 Or. 387, 28 Pac. 388]." *Brown* v. *Parks,* 173 *Ga.* 228 (160 S. E. 238).

2. Nora Brown filed an application for letters of administration on the estate of her deceased brother, Griffin Hogan. Her application was caveated by Annie Laura Hogan, who claimed to be the wife of the deceased. On the trial of the case on appeal in the superior court, the caveatrix proved a ceremonial marriage between herself and the deceased. The evidence showed that she married Jake Pullen in 1919; that she married Jake Wells in October, 1938, in a ceremonial marriage; and that she entered into a ceremonial marriage with Griffin Hogan in July, 1943. The marriage to Jake Wells gave rise to the presumption that Jake Pullen was dead, or that his marital relationship with the caveatrix had been dissolved. There was no evidence that the relationship had not been dissolved. The marriage to Griffin Hogan raised the same presumption as to Jake Wells and the caveatrix's relation to him. The only evidence that the marital relationship between the caveatrix and Jake Wells had not been dissolved by divorce was her testimony to the effect that she did not get a divorce from Jake Wells for the reason that he told her that he had a living wife. This testimony was not sufficient to overcome the strongest presumption known to law. It may be that Jake Wells did not have a living wife, and that he obtained a divorce from the caveatrix. In Pittinger *v.* Pittinger, 28 Col. 308 (64 Pac. 195, 89 Am. St. R. 193), cited approvingly and quoted in *Brown* v. *Parks,* supra, there was testimony that a woman did not file a suit for a divorce *and* that she was served with no papers in a divorce action, and the court held such evidence insufficient to show that there had been no divorce. See also Coal Run Coal Co. *v.* Jones, 127 Ill. 379 (8 N. E. 865, 20 N. E. 89). Nor was there evidence that Jake Wells was alive at the time of the caveatrix's ceremonial marriage to Hogan. The case was tried in the lower court on the theory that if Jake Pullen was alive at the time of the marriage between the caveatrix and Hogan the latter marriage would be void. This theory was followed by the attorneys for both sides and the trial judge. In the course of the trial the judge inquired where Jake Wells was at that moment and the attorney for the applicant replied that he was in Augusta, and there was no objection to the statement by the attorney for the caveatrix. In view of the theory upon which the case was being tried there was no occasion for an objection to the statement, and by remaining silent the caveatrix did not waive legal proof of the fact that Jake Wells was alive when she married Hogan.

692

We do not decide that under any circumstances such conduct would have been a waiver. All we say is that under the facts here it was not a waiver. In her caveat the caveatrix did not base her claim to the right to administration solely on the fact that her marriage to Hogan was valid because Jake Wells said he had a living wife and no divorce had been granted. The only ground of the caveat was that she was Hogan's legal wife because she became so first by a common-law marriage (after which she married Wells) and later by a ceremonial marriage. It follows that she is not estopped to contend that there was no proof that Jake Wells was alive at the time she married Hogan. On the basis of the presumptions involved the findings of the jury in favor of the caveatrix were demanded.

3. The applicant for letters of administration made a motion for a new trial based on the general grounds and a special ground based on newly discovered evidence of the fact that Jake Pullen is still in life. (The only question submitted to the jury was the question whether or not Pullen would be presumed to be dead as caveatrix contended she had not heard from him in seven years.) As shown in the preceding headnote it was not error to overrule the motion for a new trial on the general grounds. It was not error to overrule the motion on the ground of newly discovered evidence because the newly discovered evidence tended to show only that Jake Pullen was in life and did not purport to show that the marriages between Jake Pullen or Jake Wells and the caveatrix had not been dissolved by divorce, nor to show that Jake Wells was still alive at the time of the last marriage. Assuming but not deciding that the motion as to the special ground meets legal requirements, the ground does not, for the reason stated, show sufficient probability of a different verdict, and the court did not err in overruling the motion on the special ground of newly discovered evidence. The refusal of a new trial was not error.

*Judgment affirmed. Sutton, P. J. and Parker, J., concur.*

DECIDED JUNE 14, 1945. REHEARING DENIED JULY 14, 1945.

*Pierce Brothers,* for plaintiff in error.
*Isaac S. Peebles Jr.,* contra.

