33661. LUMBERMENS MUTUAL CASUALTY CO. *et al.*
*v.* REED *et al.*
33662. REED *v.* LUMBERMENS MUTUAL CASUALTY
CO. *et al.*

DECIDED JULY 16, 1951. REHEARING DENIED IN No. 33662 JULY 30, 1951.

*Neely, Marshall & Greene,* for plaintiffs in error.

*Roscoe Pickett Jr., Pickett & Pickett,* for Pauline Reed.

*Hugh C. Carney, Walter A. Sims,* for Marion Reed.

TOWNSEND, J. (After stating the foregoing facts.) ■ Where the accident arises out of and in the course of the employment and is a contributing proximate cause of the death of the employee, it matters not what combines with it to cause the fatality. *Fidelity & Casualty Co.* v. *Adams,* 70 *Ga. App.* 297 (28 S. E. 2d, 79); *Liberty Mutual Ins. Co.* v. *Meeks,* 81 *Ga. App.* 800 (60 S. E. 2d, 258). And where the findings of fact as to the cause of the injury are supported by any competent evidence and no fraud is present, such findings are conclusive on appeal. *American Mutual Liability Ins. Co.* v. *Duncan,* 83 *Ga. App.* 863 (65 S. E. 2d, 59). The employee here was undoubtedly suffering from a malignant growth which would have produced death within a short period of time. The original hospital examination and first report of injury both indicated a hematoma or rupture of the liver, but this should not be given any considerable weight, due to the fact that these reports were made based on a history of the accident and before it was discovered that the swelling of the employee's body was caused by the cancer, which they were unaware of at that time. Nevertheless, one doctor stated positively that the blow would bring tension

to the mass and cause a more rapid spread of cancer cells, thereby probably hastening the death by some months, and that it was therefore a contributing cause thereof. Another doctor stated that "had he not had the accident and come to the hospital he might have lived a week or a month or so longer or maybe two months." His theory appears to have been that the treatment and operation, rather than the accident itself, hastened the death. The director would have been authorized to find that there was no trauma and that in consequence the injury did not contribute to the death of the employee. There was, however, some evidence that the accident was a contributing proximate cause of the employee's death. The director having so found, and no fraud appearing, this court is bound thereby.

■ As to marriages regularly solemnized between the parties, there is a presumption that they had capacity to contract, and of the existence of all other necessary facts to render such marriage valid, which presumption can be negatived only by disproving every reasonable possibility against the validity of the marriage. *Reed* v. *Reed,* 202 *Ga.* 508 (43 S. E. 2d, 539) ; *Nash* v. *Nash,* 198 *Ga.* 527 (32 S. E. 2d, 379) ; *Brown* v. *Parks,* 173 *Ga.* 228 (160 S. E. 238). To overcome the presumption of validity of a subsequent marriage which has been solemnized formally and entered of record, and which is as a result of such record accessible to the scrutiny of the world, there must be plenary proof that neither party to the previous marriage had obtained a divorce by failure to find any record of divorce in any of the counties of the jurisdiction where it should have been granted. *Azar* v. *Thomas,* 206 *Ga.* 588 (3) (57 S. E. 2d, 821). It has frequently been held that the burden is on those who attack the validity of a marriage to show its invalidity by clear, distinct, positive and satisfactory proof. *Murchison* v. *Green,* 128 *Ga.* 339 (57 S. E. 709) ; *State Highway Board* v. *Lewis,* 46 *Ga. App.* 162 (167 S. E. 219) ; *Ward* v. *Ward,* 24 *Ga. App.* 695 (102 S. E. 35). This statement was interpreted in *Addison* v. *Addison,* 186 *Ga.* 155 (197 S. S. 232) to mean that such burden is on those who attack the validity of a *ceremonial* marriage, the word "ceremonial" being expressly interpolated in the quotation, and it was there held that in a competition between a prior common-law marriage and a subsequent ceremonial marriage, the com-

mon-law marriage would not be entitled to prevail unless the parties thereto proved "every element necessary to the validity of such a prior marriage [founded on cohabitation and repute] by proving . . that such alleged former spouse was single and possessed every other qualification for a valid marriage." *Addison* v. *Addison,* supra, headnote 2. See also *Norman* v. *Goode,* 113 *Ga.* 121 (3) (38 S. E. 317). Thus, in a conflict between marriages, once a common-law marriage is legally established it is entitled to the benefit of every presumption which would arise were it a ceremonial marriage legally established (see *Carr* v. *Walker,* 205 *Ga.* 1, 9, 52 S. E. 2d, 426), but in offering evidence to establish the respective marriages, the ceremonial marriage has the benefit of one presumption which does not attach to the common-law marriage, and that is the presumption that the parties were able to contract. *Murchison* v. *Green,* supra. If a common-law marriage is sought to be established, in a conflict between it and a ceremonial marriage, one of the essential elements of proof of the marriage contract is proof that the parties were able to make the contract at the time it was claimed to have been entered into, or at the very least, proof that cohabitation as man and wife ripened into a common-law marriage after the removal of a prior disability. This principle of law as established in the *Addison* and *Norman* cases, supra, was applied in *Belle Isle* v. *Belle Isle,* 47 *Ga. App.* 168 (170 S. E. 211) to a case almost identical with the case at bar, it being a workmen's compensation proceeding representing a conflict between a prior ceremonial marriage and a subsequent marriage founded on cohabitation and repute, that is, a common-law marriage. The court there held in a well-reasoned opinion that, the former ceremonial marriage having been proved, and it having been shown that both parties to the second attempted marriage knew of the existence of the first marriage and that the first wife was still alive, the second alleged wife was not entitled to rely upon a mere presumption in support of her common-law marriage to the effect that the previous ceremonial marriage had been dissolved by divorce. We consider this a sound rule of law. The claimant here, Pauline Reed, was aware at the time she attempted to enter into a common-law marriage with the deceased that his wife by a former marriage was still

in life, and, if her statement to the insurance company is to be considered, she was also aware that he had no divorce papers. Regardless of this, however, since she did not enter into any regularly solemnized ceremonial marriage she is not entitled to the benefit of the presumption that the former marriage terminated in divorce. Rather, as an element of proof of her marriage contract, she had the burden of showing that she and the deceased labored under no disability at the time they entered into their marriage contract. This she was unable to do. As a result she failed to prove a valid marriage to the deceased, and the judgment of the Board of Workmen's Compensation excluding her from benefits in case No. 33662 must be affirmed.

What has been stated regarding the elements of proof of common-law marriage is here confined to cases involving a conflict of marriages, as it is not within the purview of this decision to express any opinion on the elements of proof necessary where no issue is raised as to the contractual ability of the parties in this respect.

■ "In those States which have included the conclusive-presumption clause in their workmen's compensation acts, in cases where the claimant has been abandoned by her husband through no fault of her own and later she is guilty of adultery or bigamous marriage, this conduct will not bar a recovery of compensation. . . We think that the principle in this kind of case is analogous to the law of descent and distribution, and we know of no law which bars the right of a wife to inherit from her husband by reason of her adultery or bigamous marriage." *Williams* v. *American Mutual Liability Ins. Co.*, 72 *Ga. App.* 205 (2), 208 (33 S. E. 2d, 451). The evidence in this case was sufficient to support a finding that Marion Reed, the widow claimant, was abandoned by her husband without cause. This being so, the fact that she later entered into a bigamous marriage with another is not of itself sufficient to bar her from benefits under the act. The judge of the Superior Court of Fulton County did not err in affirming the award of the Board of Workmen's Compensation in favor of Marion Reed in case No. 33661.

*Judgment affirmed in both cases. MacIntyre, P.J., and Gardner, J., concur.*