35580. GROOMS *v.* GLOBE INDEMNITY COMPANY *et al.*

Decided June 6, 1955—Rehearing denied July 7, 1955.

*Wm. F. Woods, Joe Salem,* for plaintiff in error.

*Ferdinand Buckley, Marshall, Greene & Neely, Francis Y. Fife,* contra.

QUILLIAN, J. The appeal of the employer and the insurance carrier to the superior court was on the usual grounds that there was not sufficient competent evidence in the record to support the award of the full board, that the board acted in excess of its powers in making the award, and that the award was contrary to law. The appeal contained an additional ground which, succinctly stated, complained that the board abused its discretion and did not follow the directions of the superior court in not allowing the appellants to introduce newly discovered evidence. The appeal of Nellie Grooms was on the same grounds.

The judge of the superior court should have affirmed the award of the compensation board unless it ought to have been reversed on one of the grounds contained in the appeals.

The learned judge in the judgment now under review recites that the case was formerly before him on appeal; that in a former judgment rendered by him on January 14, 1954, and fully set out in the foregoing statement of fact, he ordered the compensation board to admit additional evidence in the case; and that the former judgment became the law of the case. Predicating his judgment upon that construction of the judgment previously entered by him, the judge reversed the award of the compensation board and ordered that, "Accordingly, it is ordered that the full board award dated May 6, 1954, is hereby reversed and set aside and the case is remanded to the State Board of Workmen's Compensation. Upon remand of the case the State Board of Workmen's Compensation shall either grant a de novo hearing before all of the directors, or remand the case, for the purpose of taking

additional evidence, to a single director, who, upon taking such evidence, shall deliver it to all of the directors for consideration by them in rendering further decisions or award in this case."

A careful analysis of the previous judgment of January 14, 1954, discloses that it set aside a former award of the compensation board on the ground that the board was without authority to remand to a deputy director for the purpose of a de novo hearing. The judgment did not direct or instruct the board to take any action except to take further action in accordance with law. It is apparent that the judgment was not correctly predicated upon the ground that the previous judgment adjudicated the question as to whether newly discovered evidence should be admitted by the board.

We are aware of the rule stated in *Megarity* v. *Gann*, 67 *Ga. App.* 264, 266 (19 S. E. 2d 924): "There are a number of decisions to the effect that if an order is capable of two constructions the one placed on it by the trial court will be adopted by the appellate court as the proper construction." But in our opinion the judgment dated January 14, 1954, was not susceptible to the interpretation given it by its author, and cannot be so construed by us.

The question as to whether the board abused its discretion in not receiving the newly discovered evidence is not before us for decision, since the question was not passed upon by the judge of the superior court.

The question that we think is controlling in this case is whether the award of the full board, affirming that of the deputy director, was authorized by the evidence already in the record.

We recognize the principle that, where a person who has previously been married enters into a second marriage, the law presumes that the first marriage was dissolved by divorce or death of the other spouse.

In the case of *Bituminous Casualty Corp.* v. *Harris*, 68 *Ga. App.* 889, 891 (2) (24 S. E. 2d 803), this court held: "The controlling question here is, who carried the burden of proof as to the competitive marriages? It is well settled by numerous decisions of the Supreme Court and this court that where a second marriage is established, and it is shown that one so married had previously married another person, whose whereabouts at the time of the second marriage and thereafter were unknown, the

presumption is that the first marriage had been dissolved by a divorce decree, or that the first husband or wife was dead; and that the burden is upon the party attacking the validity of the second marriage to show that a divorce had not been granted and that the first husband or wife was not dead."

While the case of *Lumbermens Mutual Casualty Co.* v. *Reed,* 84 *Ga. App.* 541 (66 S. E. 2d 360), appears to conflict somewhat with the *Bituminous Casualty Corp.* case, and though it seems that the question as to whether the presumption that the previous marriage was dissolved by divorce or death prior to the second marriage of one of the parties, applies to common-law marriages, may not be entirely free from doubt, it is certain that a woman who recognizes that she is not qualified to contract a ceremonial marriage because she has, according to her own testimony a living husband, is by reason of the same impediment ineligible to enter into a common-law marriage.

The conduct of Ruby Mae Grooms in not inquiring from sources convenient to her and from which she could have obtained complete information as to whether her husband was still in life amounted in our opinion to avoiding knowledge of whether she had a living husband when she allegedly married Coperlester Grooms. We think her behavior in this regard at least made a question of fact for the determination of the board as to whether she married Grooms in good faith.

But whether the full board had sufficient evidence presented to it by Ruby Mae Grooms' testimony on direct examination and the testimony of her witness to have entitled her to compensation, by reason of the presumption that her former spouse was dead, her testimony on cross-examination that she had a living husband, and for that reason could not contract a ceremonial marriage, conclusively established that she was not the widow of Coperlester Grooms and consequently was not entitled to an award of compensation.

The evidence demanded an award in favor of the intervening claimant, Nellie Grooms. A further hearing before the Board of Workmen's Compensation is unnecessary.

The judgment of the superior court reversing the award of the full board, which approved the award of the deputy director that the claimant, Ruby Grooms, be paid compensation, is affirmed

with the direction that the superior court so modify its judgment that, in lieu of directing that additional evidence be heard, it direct that the State Board of Workmen's Compensation enter an award in accordance with this opinion, that is, an award denying compensation to the claimant Ruby Mae Grooms, and in favor of the claimant Nellie Grooms, in such amount as the State Board of Workmen's Compensation may determine she is entitled to, under Code § 114-413 (c), according to the evidence contained in the record in this case.

*Judgment affirmed with direction. Gardner, P. J., Townsend, Carlisle, and Nichols, JJ., concur. Felton, C. J., dissents.*

FELTON, C. J., dissenting. The full board's order of July 31, 1953, set aside the award of the deputy director dated June 29, 1953, and remanded the case to the deputy director for a de novo hearing, and this full board's order, as modified by the judgment of the superior court dated January 14, 1954, became the law of the case, to the effect that the case was remanded to the full board for a de novo hearing, which necessarily would permit the introduction of additional evidence by any party to the record. Since the board refused to hear new evidence, its action was contrary to the law of the case, as the unreversed portion of the full board's order, to wit, that there should be a de novo hearing, remained the law of the case. I do not think that the judgment of the superior court intended to reverse the order of the board requiring a de novo hearing. If the superior court's order is susceptible of two or more constructions, I certainly do not think the construction put on it by the superior court itself is so unreasonable that it can be repudiated by this court. *Megarity* v. *Gann*, 67 *Ga. App.* 264. Whether or not the award appealed from is contrary to law, there is another claimant involved whose rights have not been ruled on directly, and, assuming that she is entitled to an award, whose degree of dependency has not been determined.