## 51456. EDWARDS v. EDWARDS.

PANNELL, Presiding Judge.

Catherine Thomas Edwards, claiming to be the lawful wife of William Edwards, who died intestate February 19, 1974, chose Herschel Thornton as administrator of the estate and a petition by him to be so appointed with her signed consent and selection as such attached as a part thereto was filed in the Court of Ordinary of Fulton County, Georgia. Subsequently, Thornton withdrew his petition and Catherine Edwards was substituted as the petitioner. A caveat thereto was filed by Eugene Edwards, a brother of deceased, denying that Catherine Edwards was the widow of the deceased, she having a previous undissolved common law marriage to one Leroy Seals. The caveat further alleged that the lawful heirs had selected him as administrator and their signatures to such choice were presented with the caveat. After a hearing, the Ordinary appointed Eugene Edwards as administrator and upon appeal to the Superior Court, the trial judge to whom the case was submitted without a jury affirmed the appointment of Eugene Edwards on the grounds (1) that even if the marriage to Edwards was valid, Catherine Edwards was precluded from serving as she had been convicted of the murder of her husband, which conviction was on appeal; and (2) that Catherine Edwards had a previously undissolved common law marriage with Leroy Seals and her ceremonial marriage to the deceased Edwards was void. *Held:*

1. The conviction in a criminal trial of Catherine Edwards for the murder of William Edwards was not admissible in the civil proceedings in which she sought to have herself appointed administrator of William

Edwards' estate, nor was this record of conviction competent evidence in such proceedings to prove that she murdered William Edwards so as to prevent her participation and inheritance as his widow. See, Ga. L. 1952, pp. 288, 289; 1959, pp. 299, 300 (Code Ann. § 113-909); *Webb v. McDaniel,* 218 Ga. 366 (2) (127 SE2d 900); *Moore v. Moore,* 225 Ga. 340, 342 (5) (168 SE2d 318). The trial court erred in disqualifying Catherine Edwards based upon this proof of her conviction of the charge of murder of William Edwards. No other proof that she murdered William Edwards was offered.

2. It is conceded that Catherine Edwards and the deceased, William Edwards, were married in a ceremonial marriage on August 29, 1970, and that they lived together as man and wife until his death. It is proven without dispute that Leroy Seals, the alleged prior common law husband of Catherine Edwards, is now living and that no divorce has been obtained by either party. "When a marriage has been regularly solemnized and the parties live together as man and wife, there is a presumption that the parties had capacity to contract the marriage, and of the existence of all other facts necessary to render the marriage valid; and this presumption prevails until the contrary appears. The burden is upon him who attacks the validity of the marriage to show that it is invalid, by clear, distinct, positive and satisfactory proof. Megginson v. Megginson, 14 L.R.A. 540 (21 Or. 387, 28 P. 388)." *Brown v. Parks,* 173 Ga. 228, 232 (160 SE 238). See also, *Brown v. Hogan,* 72 Ga. App. 691 (1) (34 SE2d 619). The presumption is in favor of the second marriage if it be established (*Bituminous Cas. Corp. v. Harris,* 68 Ga. App. 889, 891 (2) (24 SE2d 803)), and the death or divorce of the prior spouse would ordinarily be presumed. Id. This presumption of death or divorce as to the prior marriage has been overcome here, which leaves the sole remaining question of whether the offered proof of a prior marriage was otherwise sufficient to overcome the validity of the second marriage. "The burden is upon him who attacks the validity of the marriage to show that it is invalid, by clear, direct, positive and satisfactory proof." *Bituminous Cas. Corp. v. Harris,* 68 Ga. App. 889, 891, supra.

A common law marriage requires that the parties

have capacity to enter into a contract of marriage, an actual agreement per verba de presenti as to the marriage, and a consummation of that agreement by cohabitation as man and wife. *McBride v. Graeber,* 16 Ga. App. 240 (85 SE 86); *Wynne v. State,* 17 Ga. App. 263 (86 SE 823); *Drewry v. State,* 208 Ga. 239 (65 SE2d 916). And this cohabitation as man and wife must be subsequent to the agreement. *Drewry v. State,* 208 Ga. 239, supra.

Both Leroy Seals and Catherine Edwards denied they ever married or ever agreed to be married, or ever held themselves out as husband and wife, although the evidence is sufficient to show that they lived together for several years in the same house and accumulated certain personal property commonly owned between them. There was evidence that a divorce action had been filed on October 9, 1967, by Leroy Seals against Catherine Edwards (in such action referred to as Catherine Thomas Seals) alleging their marriage on January 15, 1959, and attached thereto was an agreement, signed by both, as to a division of the personal property. This agreement at the beginning thereof recited that they were married and "now" living separate and apart and that the divorce action was pending. This divorce action was dismissed for lack of prosecution on the 11th day of August 1972. Leroy Seals testified he employed a lawyer to draw up an agreement dividing the property commonly owned by the parties and Catherine Edwards testified she also thought that was all that was being done. The lawyer who drew up the papers stated he secured all the information as to the facts stated in the petition and the agreement from Leroy Seals, and secured none of this information from Catherine Edwards.

The evidence here is completely lacking as to any promise or contract of marriage between and the consummation thereof by cohabiting as husband and wife, although the evidence is ample to show they lived together. Should we assume that the agreement reciting the parties had prior thereto been married may constitute such promise or agreement of marriage, there is no evidence showing that thereafter they cohabited as husband and wife in consummation thereof, but is to the contrary.

While the statement in the divorce action that they were married on a day certain is sufficient to establish a marriage where there is no conflict of marriages, it is here, where there is a conflict of marriages, and there is no evidence to show the circumstances under which such common law marriage took place, who was present, what was the character of the ceremony, who officiated, etc., not evidence that they were married according to *any* formality to each other and the admitted marriage will not prevail over the ceremonial marriage between Catherine Edwards and William Edwards. See *Belle Isle v. Belle Isle,* 47 Ga. App. 168, 175 (3) (170 SE 211). Nor would the presumption of law, founded on cohabitation and repute, that a marriage had taken place prevail over proof of a subsequent ceremonial marriage. *Norman v. Goode,* 113 Ga. 121 (38 SE 317); *Jenkins v. Jenkins,* 83 Ga. 283 (9 SE 541, 20 ASR 316).

The trial judge therefore erred in holding under the proof submitted that the admission of marriage in the divorce action filed by Leroy Seals was sufficient to prevail over the subsequent ceremonial marriage between Catherine Edwards and the deceased William Edwards.

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED NOVEMBER 5, 1975 — DECIDED NOVEMBER 20, 1975.

*R. Pruden Herndon,* for appellant.
*Robert L. Carpenter,* for appellee.