A95A0066. DIXON v. THE STATE.
(456 SE2d 758)

BIRDSONG, Presiding Judge.

Manalitto Dixon was convicted of kidnapping, interstate interference with child custody, and two counts of aggravated assault. The charges arose out of Dixon's kidnapping of his biological daughter, Amanda Dixon, from the custody of the child's mother, Christine Kay Wurtz, by use of a shotgun with which appellant threatened to kill the child's stepfather, Matthew Wurtz, and a neighbor, Richard Williams. There was evidence appellant struck Matthew Wurtz's stepfather, who was holding the child. Appellant's wife Jody Dixon, whom he had married at about the same time that Christine Kay married Matthew Wurtz, was waiting in appellant's car. She and appellant took the child to Alabama.

Appellant moved for directed verdict of acquittal as to kidnapping and interference with custody, in that Christine Kay had been his common law wife before she married Wurtz and as there was no "dissolution" of appellant's and Christine Kay's common law marriage and no court order establishing custody, appellant could not be guilty of a crime by taking the child. The motion was denied and from the verdict of guilty, he appeals. *Held:*

1. Appellant contends the trial court erred in charging that it was appellant's burden to prove common law marriage. The trial court charged that it was a question of fact whether a common law marriage existed; that the State must prove beyond a reasonable doubt that appellant without lawful authority interfered with lawful custody of the child; and that the issue as raised by appellant "[is] an affirmative defense [and] the burden of proof is on the party asserting that there was a common law marriage to prove the common law marriage." Appellant's counsel complained of the failure to charge that the burden on appellant was to a preponderance of the evidence, not beyond a reasonable doubt.

Assuming for the sake of argument that the existence of common law marriage may be a defense to the charge of kidnapping and interstate interference with custody on grounds of "equal control," we find

no error.

The party asserting a common law marriage must prove its existence to a preponderance of the evidence. *Dismuke v. C & S Trust Co.*, 261 Ga. 525 (1) (407 SE2d 739); *Foster v. Foster*, 178 Ga. 791 (3) (174 SE 532); *Edwards v. Edwards*, 136 Ga. App. 668, 669 (222 SE2d 169). Generally in criminal cases the State has the burden to disprove beyond a reasonable doubt the elements of an affirmative defense (*Bennett v. State*, 265 Ga. 38 (453 SE2d 458); *Anderson v. State*, 262 Ga. 7, 9-10 (413 SE2d 722), rev'd in part on other grounds, *Coleman v. State*, 264 Ga. 253, 254, fn. 2 (443 SE2d 626); *Bentley v. State*, 261 Ga. 229 (2) (404 SE2d 101)), but this rule is not without exception. For example, insanity is an affirmative defense which the defendant must prove to a preponderance of the evidence. *Harris v. State*, 256 Ga. 350, 354-355 (6) (349 SE2d 374). The State does not have to prove sanity because the law presumes sanity; no new burden of proof is imposed on the State by an affirmative plea of insanity. Id.; *Johncox v. State*, 189 Ga. App. 188 (2) (375 SE2d 139). The burden of proof comes down to the question of in whose favor certain legal presumptions lie. Because of the presumption of innocence, to prove kidnapping the State must prove that a person who steals or abducts a child did so "without lawful authority." OCGA § 16-5-40 (a). As with an insanity plea, when the existence of a common law marriage is raised as an affirmative defense to kidnapping of a child, there is no presumption in defendant's favor that a common law marriage existed. The fact of a common law marriage depends on precise laws of contract status; these laws require proof of simultaneous existence of all the statutory elements. OCGA §§ 19-3-1 and 19-3-2; *Gregg v. Barnes*, 203 Ga. App. 549 (417 SE2d 206). There is no presumption that two persons who cohabited and produced a child were married at common law; more must be shown. See OCGA § 19-3-2; *Addison v. Addison*, 186 Ga. 155 (197 SE 232). There being no presumption in appellant's favor on the issue, it was his burden to prove a common law marriage existed which gave him lawful authority to take the child from her mother.

Appellant's counsel did not at any time during trial object that the burden was on the State to disprove a common law marriage. At trial appellant conceded the burden of proof was on himself, but only to a preponderance of the evidence. The trial court erred in failing to charge on that point, but that error was harmless inasmuch as no evidence is cited as to at least two of those elements as required by OCGA § 19-3-2 (3) and (4). Moreover, in the absence of such evidence, appellant's later ceremonial marriage is presumed to be the valid marriage (*Carter v. Graves*, 206 Ga. 234 (3) (56 SE2d 917)); this negates any defense that he was married at common law to the victim's mother and thus had equal control of her child.

2. The trial court did not err in refusing to charge on simple battery and reckless conduct as lesser offenses of aggravated assault. No such requests were submitted in writing. *Hines v. State*, 254 Ga. 386 (329 SE2d 479). Moreover, appellant was not entitled to such charges as the evidence showed he either committed aggravated assault or acted in self-defense. See *Scott v. State*, 208 Ga. App. 561, 562 (430 SE2d 879).

3. Appellant's third enumeration of error is abandoned for failure to cite legal authority. Court of Appeals Rule 27 (c) (2). Moreover, we find the enumeration to be without merit in fact.

4. We have examined the evidence and find it sufficient to persuade a rational trier of fact of appellant's guilt beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED APRIL 10, 1995.

*Clyde M. Urquhart*, for appellant.
*W. Glenn Thomas, Jr.*, District Attorney, *Darrell E. Wilson, C. Keith Higgins*, Assistant District Attorneys, for appellee.